# FOSTER EXHIBIT B

CORTE INTERNACIONAL DE ARBITRAJE
DE LA
CÁMARA DE COMERCIO INTERNACIONAL

| | | |
|---|---|---|
| CAYMAN POWER BARGE I, LTD.<br>Demandante, | * * * | |
| Vs. | * * | REF. NO. 117721 KGA |
| EL ESTADO DOMINICANO<br>Y<br>CORPORACION DOMINICANA<br>DE ELECTRICIDAD (CDE)<br>Demandados | * * * * * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ATT**: SECRETARIA DE LA CORTE INTERNACIONAL DE ARBITRAJE DE LA CAMARA DE COMERCIO INTERNACIONAL, CON SEDE EN PARIS FRANCIA

Distinguida señora González Arroca:

**CAYMAN POWER BARGE I, LTD.**, corporación organizada y existente bajo las leyes de las Islas Cayman Islas Británicas Occidentales, con su domicilio social establecido en las oficians de Midland Trust Corporation (Cayman) Ltd, Mary Street, P.O. Box 1109, Grand Cayman, Cayman Islands, British West Indies, parte demandante en el proceso arbitral de referencia, tiene a bien exponeros lo siguiente:

1.- En fecha siete (7) de marzo del año dos mil dos (2002), la CCI remitió a las partes envueltas en el litigio de referencia, el resultado de la sesión de esa misma fecha en la cual se confirmó la composición del Tribunal Arbitral designado para el caso, mediante el nombramiento del señor Jean Paul Beraudo como Presidente de dicho tribunal, además de confirmar la designación en dicho Tribunal del Sr. Alejandro Miguel Garro, quien fuera designado por quien suscribe como coárbitro en este proceso, y al Sr. Luis Rafael Pellerano, en esa misma calidad, por cuenta de las partes demandadas quienes hasta el momento se habían abstenido de designar un coárbitro, en atención a lo dispuesto por el artículo 8(4) de las Reglas de Arbitraje de la ICC.

2.- Con ocasión de lo anterior, en fecha ocho (8) de abril del año dos mil dos (2002) la **CORPORACIÓN DOMINICANA DE ELECTRICIDAD (CDE)** remitió una instancia dirigida a la Secretaría de esta Corte Internacional de Arbitraje, mediante la cual interponía una demanda en recusación contra el Lic. Luis Rafael Pellerano, quien fuera designado como coárbitro en nombre del ESTADO DOMINICANO y CDE por las razones precedentemente indicadas; basando dicha demanda en recusación en el hecho de que el

Lic. Pellerano se encontraba estrechamente ligado con el sector de Productores Privados de Energía en la República Dominicana, llegando a representar a miembros de dicho sector en negociaciones y discusiones, con el Estado Dominicano y CDE.

3.- Frente a esta situación, en la sesión de fecha treinta y uno (31) de mayo del año dos mil la Corte Internacional de Arbitraje, decidió aceptar la demanda en recusación interpuesta por CDE contra el Lic. Luis Rafael Pellerano, otorgándole además a dicha entidad y al ESTADO DOMINICANO, la oportunidad de designar conjuntamente un coárbitro en el proceso.

4.- Mediante su comunicación de fecha catorce (14) de junio del año dos mil dos (2002), el señor César Sánchez Torres, en representación del ESTADO DOMINICANO y CDE informan a la Secretaría de la Corte Internacional de Arbitraje de la ICC, que las demandantes en el proceso nominaban al Dr. Rafael Tulio Pérez De León, como coárbitro en el proceso; designación ésta que fue aceptada por **CAYMAN POWER BARGE I, LTD. al considerar que hasta ese momento no existían circunstancias en base a las cuales se podría objetar dicha designación; por lo que, en su sesión de fecha 5 de julio del dos mil dos (2002) la Corte decidió confirmar la designación del Dr. Perez De León en calidad de coárbitro previa suscripción por parte del indicado señor de la correspondiente Declaración de Independencia.**

5.- No obstante lo anterior, en fecha veintitrés (23) de julio del año dos mil dos (2002) los Licenciados Práxedes Castillo y Américo Moreta Castillo remiten una instancia dirigida a los Honorables Miembros de la Corte Internacional de Arbitraje de la ICC, mediante la cual, entre otras consideraciones, se constituyen como abogados y mandatarios "ad litem" de la **CORPORACIÓN DOMINICANA DE ELECTRICIDAD CORPORACIÓN DOMINICANA DE ELECTRICIDAD (CDE)** y su continuadora jurídica **CORPORACIÓN DOMINICANA DE EMPRESAS ELECTRICAS ESTATALES (CDE).**

6.- Ante esta constitución de abogados, desconocidos hasta entonces por **CAYMAN POWER BARGE I, LTD.**, esta última llama la atención de la Corte al hecho de que los Lic. Práxedes Castillo y Américo Moreta Castillo son miembros de la Firma de Abogados CASTILLO & CASTILLO, con la cual el Dr. Rafael Tulio Pérez mantiene estrechas relaciones profesionales, y de hecho actualmente manejan litigios en forma conjunta, conforme se evidencia en los documentos anexos a esta comunicación; lo que da lugar a cuestionar, sin menoscabo de las cualidades profesionales del Dr. Rafael Tulio Pérez De León, la neutralidad e independencia del indicado señor como árbitro en un proceso en el cual personas asociadas a él participan como parte en el mismo.

7.- En tal sentido y atendiendo a las previsiones del artículo 11 (2) de las reglas de Arbitraje de la ICC, según la cual la recusación de un árbitro es admisible, si es interpuesta dentro de los treinta (30) días siguientes de la fecha en que la parte que incoa dicha recusación sea informada de los hechos y circunstancias en que se basa la misma, la objeción de **CAYMAN POWER BARGE I, LTD.** a la designación del Dr. Rafael Tulio Pérez De León debe ser admitida por cuanto no tuvo conocimiento de las circunstancias que motivan dicha objeción sino hasta el veintitrés (23) de julio del año 2002, fecha en que

fue informada que los abogados a representar a CDE en el proceso pertenecían a la Firma de Abogados CASTILLO & CASTILLO, ligada profesionalmente al árbitro recusado.

8.- En cuanto a los demás peticiones expuestas sobre los abogados de CDE en su escrito de fecha 23 de julio del año dos mil dos (2002) y las que se esgrimen en la instancia de fecha primero (1º) de julio del mismo año, **CAYMAN POWER BARGE I, LTD.** entiende que las decisiones en este sentido deben ser tomadas por el Panel Arbitral una vez esté debidamente constituido; por lo que, a los fines de preservar un correcto orden procesal, la Corte debe primero avocarse a conocer de la objeción presentada por la demandante a la designación del Dr. Pérez De León como coárbitro en este proceso, reservándose la demandante el derecho de esgrimir los argumentos de hecho y derecho que considere pertinentes con respecto a dichos asuntos, una vez la Corte haya decidido sobre la supraindicada objeción, y un Panel Arbitral regularmente constituido, pueda juzgar con estricto apego a la ley y la equidad y con absoluta independencia, los aspectos preliminares planteados, así como los que puedan surgir con ocasión del proceso de que se trata.

9. Por otra parte, **CAYMAN POWER BARGE I, LTD.** desea llevar a la consideración de la Corte que este proceso de arbitral se inició el veinte (20) de septiembre del año dos mil uno (2001), fecha en la cual la ICC acusó recibo de la Demanda de Arbitraje interpuesta por **CAYMAN POWER BARGE I, LTD.**, y que durante casi un (1) año, dicho proceso ha sufrido innumerables dilaciones debido, en gran parte, a la falta de diligencia del **ESTADO DOMINICANO ESTADO DOMINICANO y LA CORPORACIÓN DOMINICANA DE ELECTRICIDAD (CDE)** en cumplir su deber procesal conforme al mismo, en detrimento de los intereses de la parte demandante; por lo que **CAYMAN POWER BARGE I, LTD.** solicita, muy respetuosamente, a la Corte que, en la medida de lo posible y sin que esto de ningún modo implique la violación del derecho de defensa de las partes envueltas en el proceso, se agilicen los trabajos relativos a las deliberaciones y toma de decisiones de la corte en lo que respecta a la solicitud expuesta por **CAYMAN POWER BARGE I, LTD.** mediante este escrito, sobre todo en lo que respecta a la conformación de un nuevo panel Arbitral.

10.-   Finalmente, en cuanto a los representantes legales de **CAYMAN POWER BARGE I, LTD.** a los fines de este proceso arbitral, designados en la Demanda de Arbitraje de fecha 20 de septiembre del año dos mil uno (2001), solicitamos a esta Honorable Corte que tome acta de los siguiente:

   a)   El Sr. John Reynolds substituirá al señor David G. Radlauer en calidad de representante de la parte demandante, conjuntamente con aquellas personas que se designan en dicha calidad en dicha Demanda de Arbitraje de fecha 20 de septiembre del año 2001;

   b)   El nombre correcto de la Sra. Genevieve Hartel Salassi, representante de la parte demandante, conforme se indica en la supraindicada Demanda de Arbitraje es Genevieve Hartel;

   c)   Todas las comunicaciones de la Secretaría de la ICC a la demandante, deben ser dirigidas a

JOHN REYNOLDS
GENEVIEVE HARTEL
**Jones, Walker, Waechter, Poitevent
Carrére & Denégre, LLP**
201 St. Charles Avenue, 49th. Floor
New Orleans, Louisiana 70170-5100
Teléfono (504) 582-8000
Fax: (504) 582-8583

Por todos estos motivos y los que pudiera suplir de oficio esta Honorable Corte Internacional de Arbitraje, y, además, bajo las más absolutas reserva **CAYMAN POWER BARGE I, LTD.,** les solicita, muy respetuosamente,

**PRIMERO:** Que se declare Admisible en cuanto a la forma la objeción presentada por la parte demandante a la designación del Dr. Rafael Tulio Pérez De León como coárbitro en el presente proceso, por haber sido interpuesta dentro del plazo y en cumplimiento con las formalidades prescritas por el Artículo 11 de las Reglas de Arbitraje de la ICC.

**SEGUNDO:** En cuanto al fondo de la Recusación, que se acoja la objeción presentada por **CAYMAN POWER BARGE I, LTD.** a la designación de el Dr. Rafael Tulio Pérez De León como coárbitro en el presente proceso, en razón de que el mismo no tiene para este asunto las condiciones de neutralidad e independencia a los fines de ejercer las funciones que le fueron conferidas, debido a los estrechas relaciones profesionales que los unen con los abogados y mandatarios "ad litem" de **CDE.**

**TERCERO:** Que se reserve el derecho de **CAYMAN POWER BARGE I, LTD.** de exponer sus consideraciones sobre las peticiones vertidas por los abogados de CDE mediante sus escritos de fechas 23 de julio y 1 de agosto del año dos mil dos (2002), hasta tanto el Tribunal Arbitral que debe decidir sobre dichas peticiones esté debidamente constituido una vez se sustituya al Dr. Rafael Tulio De León, suspendiéndose el plazo para exponer sus consideraciones hasta tanto se recomponga el Panel Arbitral.

**CUARTO:** Que tome Acta de los cambios introducidos por la demandante en cuanto a sus representantes a los fines del presente proceso arbitral, conforme se ha indicado en el cuerpo del presente escrito.

**QUINTO:** Que se reserven las costas, a fin de que las mismas sean falladas conjuntamente con el fondo del proceso.

{N0862323.1}  4

En la ciudad de New Orleans, Louisiana, hoy día neuve (9) del mes de agosto del año dos mil dos (2002).

Respetuosamente,

*/s/ John C. Reynolds*
JOHN C. REYNOLDS
GENEVIEVE M. HARTEL
Jones, Walker, Waechter, Poitevent
Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Teléfono: (504) 582-8000

LUIS MIGUEL PEREYRA C.
EMMA MEJIA
Pereyra & Associados
Calle Mustafá Kemal Ataturk No. 52
Ensanche Naco
P.O. Box 543-2
Santo Domingo, República Dominicana
Teléfono: (809) 472-1111

Abogados del Reclamante,
Cayman Power Barge I, Ltd.