# FOSTER EXHIBIT C

City of Pittsburgh, State of Pennsylvania, County of Allegheny

I, Melissa Ryan, a translator with TransPerfect Translations Inc., hereby certify that I am fluent in the Spanish and English languages. I have been translating documents for over eight (8) years and am competent to translate from Spanish into English.

I hereby certify that the attached documents are, to the best of my knowledge and belief, accurate English translations of the Spanish-language document, *CAYMAN POWER BARGE I, LTD.'s SUBMISSION TO THE SECRETARIAT OF THE INTERNATIONAL COURT OF ARBITRATION OF THE INTERNATIONAL CHAMBER OF COMMERCE, DATED AUGUST 9, 2002.*

_____
Melissa Ryan

Sworn before me this
DT ~~19~~ 20 day of March, 2007

_____
Signature, Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Donna M. Thwaite, Notary Public
Bethel Park Boro, Allegheny County
My Commission Expires Apr. 25, 2009

_____
Stamp, Notary Public
State of Pennsylvania

INTERNATIONAL COURT OF ARBITRATION
OF THE
INTERNATIONAL CHAMBER OF COMMERCE

| | |
|---|---|
| CAYMAN POWER BARGE I, LTD.<br>    Plaintiff,<br><br>vs.<br><br>THE DOMINICAN STATE<br>    AND<br>CORPORACION DOMINICANA DE<br>ELECTRICIDAD [DOMINICAN ELECTRICITY<br>CORPORATION] (CDE)<br>    Defendants | REF. NO. 117721 KGA |

ATTN.   SECRETARIAT OF THE INTERNATIONAL COURT OF ARBITRATION OF THE INTERNATIONAL CHAMBER OF COMMERCE, HEADQUARTERED IN PARIS, FRANCE

Distinguished Mrs. González Arroca:

**CAYMAN POWER BARGE I, LTD.**, a corporation organized and existing under the laws of the Cayman Islands, British West Indies, with its corporate domicile established at the offices of Midland Trust Corporation (Cayman) Ltd., Mary Street, P.O. Box 1109, Grand Cayman, Cayman Islands, British West Indies, the plaintiff in the above-referenced arbitration proceeding, takes the liberty of expressing the following to you:

1.- On the seventh (7) day of March, two thousand two (2002), the ICC transmitted to the parties involved in the above-referenced dispute, the results of the session of the same date in which the constitution of the Arbitral Tribunal designated for this case was confirmed, by appointing Jean Paul Beraudo Chairman of this tribunal, in addition to confirming the appointment to said tribunal of Alejandro Miguel Garro, who was appointed by the signing party as co-arbitrator is these proceedings, and Luis Rafael Pellerano, in this same capacity, by the defendants, which up to this time had refrained from appointing a co-arbitrator, in accordance with the provisions of Article 8(4) of the Arbitration Rules of the ICC.

2.- On the occasion of the preceding, on the eighth (8) day of April, two thousand two (2002), **CORPORACIÓN DOMINICANA DE ELECTRICIDAD (CDE)** transmitted petition to the Secretariat of this International Court of Arbitration, through which it filed against Lic. Luis Rafael Pellerano, which was appointed as co-arbitrator on behalf of the DOMINICAN GOVERNMENT and CDE for the reasons specified above; basing this challenge request on the fact that

Lic. Pellerano was closely connected to the Private Energy Producers sector in the Dominican Republic, and represented members of the same sector in negotiations and discussions with the Dominican Government and CDE.

3.- Given this situation, in the session on the thirty-first (31) of May, two thousand, the International Court of Arbitration decided to accept the challenge request filed by CDE against Lic. Luis Rafael Pellerano, granting this entity and the DOMINICAN GOVERNMENT, in addition, the opportunity to appoint a co-arbitrator jointly in the proceedings.

4.- Through his communication on the fourteenth (14) day of June, two thousand two (2002), César Sánchez Torres, on behalf of the DOMINICAN GOVERNMENT and CDE, informed the Secretariat of the International Court of Arbitration of the ICC that the plaintiffs in the proceedings were appointing Dr. Rafael Tulio Pérez De León as co-arbitrator in the proceedings. This appointment, which was accepted by **CAYMAN POWER BARGE I, LTD. by considering that up to this time, there were no circumstances on the basis of which it could object to this appointment. Therefore, in its session of July 5, two thousand two (2002), the Court decided to confirm the appointment of Dr. Perez De León as co-arbitrator, with the person specified executing the corresponding statement of independence**.

5.- Notwithstanding the foregoing, on the twenty-third (23) day of July, two thousand two (2002), Lic. Práxedes Castillo and Lic. Américo Moreta Castillo transmitted a petition to the Honorable Members of the International Court of Arbitration of the ICC, through which, among other considerations, they are established as attorneys and ad litem agents of the **CORPORACIÓN DOMINICANA DE ELECTRICIDAD CORPORACIÓN DOMINICANA DE ELECTRICIDAD** [sic] (CDE) and its legal continuator **CORPORACIÓN DOMINICANA DE EMPRESAS ELECTRICAS ESTATALES (CDE)** [sic].

6.- In view of this establishment of attorneys, unknown to date by **CAYMAN POWER BARGE I, LTD.**, the latter calls the Court's attention to the fact that Lic. Práxedes Castillo and Lic. Américo Moreta Castillo are members of the law firm CASTILLO & CASTILLO, with which Dr. Rafael Tulio Pérez maintains close professional relations, and in fact they currently handle disputes jointly, as evidenced in the documents attached to this missive, which raises the issue, without damaging the professionalism of Dr. Rafael Tulio Pérez De Léon, of the neutrality and independence of the specified person as an arbitrator in proceedings in which persons associated with him are participating as a party in the same.

7.- In this sense and in accordance with the provisions of Article 11 (2) of the Arbitration Rules of the ICC, according to which it is admissible to challenge an arbitrator, if done within thirty (30) days following the date on which the party that initiates said challenge is informed of the facts and circumstances on which the same is based, the objection of **CAYMAN POWER BARGE I, LTD.** to the appointment of Dr. Rafael Tulio Pérez De Léon must be admitted because it did not have knowledge of the circumstances that motivated this objection until the twenty-third (23) day of July, 2002, the date on which

it was informed that the attorneys to represent CDE in the proceedings belonged to the CASTILLO & CASTILLO law firm, [which is] professionally connected to the challenged arbitrator.

8.- With regard to the other petitions filed concerning the CDE attorneys in its document dated July 23, two thousand two (2002) and those, which are put forward in the petition dated July first (1) of the same year, **CAYMAN POWER BARGE I, LTD.** understands that the decisions in this regard must be made by the Arbitration Panel once it is duly formed. Therefore, for the purposes of maintaining proper procedural order, the Court must first exercise reach-down jurisdiction of the objection submitted by the plaintiff to the appointment of Dr. Pérez De Léon as co-arbitrator in these proceedings, with the plaintiff reserving the right to put forward the arguments of fact and right that it considers pertinent with respect to said matters, once the Court has made a decision on the above-referenced objection, and a properly-formed Arbitration Panel, may judge in strict compliance with the law and fairness and with absolute independence, the preliminary aspects established, as well as those, which may arise during the proceedings in question.

9.- Additionally, **CAYMAN POWER BARGE I, LTD.** wishes to bring to the consideration of the Court that these arbitration proceedings began on September twentieth (20), two thousand one (2001), the date on which the ICC confirmed receipt of the arbitration request filed by **CAYMAN POWER BARGE I, LTD.** and that for nearly one (1) year, said proceedings were subject to numerous delays due in large part to the lack of diligence of the **DOMINICAN GOVERNMENT DOMINICAN GOVERNMENT** [sic] and **CORPORACIÓN DOMINICANA DE ELECTRICIDAD (CDE)** in complying with its procedural duties in accordance with the same, to the detriment of the interests of the plaintiff. Therefore, **CAYMAN POWER BARGE I, LTD.** requests, very respectfully, that the Court, to the extent possible and without this in any way involving violation of the right to defense of the parties involved in the proceedings, expedite the work relative to the deliberations and decision making of the court relative to the request hereby submitted by **CAYMAN POWER BARGE I, LTD.**, in particular with regard to the constitution of the new arbitration panel.

10.- Finally, with regard to the legal representatives of **CAYMAN POWER BARGE I, LTD.** for the purposes of these arbitration proceedings, designated in the arbitration request dated September 20, two thousand one (2001), we request that this Honorable Court note the following:

    a)    John Reynolds will replace David G. Radlauer as representative of the plaintiff, along with those persons designated in said capacity in said arbitration request dated September 20, 2001;
    b)    The correct name of Genevieve Hartel Salassi, representative of the plaintiff, as indicated in the above-referenced arbitration request is Genevieve Hartel;
    c)    All communications from the Secretariat of the ICC to the plaintiff must be sent to

JOHN REYNOLDS  
GENEVIEVE HARTEL  
**Jones, Walker, Waechter, Poitevent  
Carrére [sic] & Denégre [sic], LLP**  
201 St. Charles Avenue, 49th Floor  
New Orleans, Louisiana 70170-5100  
Telephone: (504) 582-8000  
Fax: (504) 582-8583

For all the reasons expressed above, as well as those [reasons] which this Honorable International Court of Arbitration may provide, and also under the most absolute reserves, **CAYMAN POWER BARGE I, LTD.** very respectfully requests that you,

**FIRST:** Declare admissible the challenge submitted by the plaintiff of the appointment of Dr. Rafael Tulio Pérez De Léon as co-arbitrator in these proceedings, due to having been filed within the term and in compliance with the formalities provided by Article 11 of the Arbitration Rules of the ICC.

**SECOND:** With regard to the grounds of the challenge, that you accept the objection submitted by **CAYMAN POWER BARGE I, LTD.** to the appointment of Dr. Rafael Tulio Pérez De Léon as co-arbitrator in these proceedings because the same party does not have for this matter the neutrality and independence to exercise the duties, which were conferred to him, due to the close professional relations, which bind him to the attorneys and ad litem agents of **CDE**.

**THIRD:** That the right of **CAYMAN POWER BARGE I, LTD.** be reserved to file its considerations relative to the petitions filed by the CDE attorneys in their documents dated July 23 and August 1, two thousand two (2002), until both the Arbitral Tribunal, which must decide on said petitions, is duly formed once Dr. Rafael Tulio Pérez De Léon is replaced, suspending the term to file its considerations until the Arbitral Panel [sic] is formed again.

**FOURTH:** Note the changes introduced by the plaintiff with regard to its representatives for the purposes of these arbitration proceedings, as indicated in the body of this document.

**FIFTH:** That the costs be reserved, so that the same are determined along with the funds of the proceedings.

In the city of New Orleans, Louisiana, on this day, the ninth (9) of August, two thousand two (2002).

Respectfully,

[signature]
JOHN C. REYNOLDS
GENEVIEVE M. HARTEL
Jones, Walker, Waechter, Poitevent
Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000

LUIS MIGUEL PEREYRA C.
EMMA MEJÍA
Pereyra & Associados [sic]
Calle Mustafá Kemal Atartuk No. 52
Ensanche Naco
P.O. Box 543-2
Santo Domingo, Dominican Republic
Telephone: (809) 472-1111

Attorneys for the Claimant
Cayman Power Barge I, Ltd.