# FOSTER EXHIBIT D

CORTE INTERNACIONAL DE ARBITRAJE
DE LA
CÁMARA DE COMERCIO INTERNACIONAL

| | | |
|---|---|---|
| CAYMAN POWER BARGE I, LTD. | * | |
|     Demandante, | * | |
| | * | |
| Vs. | * | REF. NO. 117721 KGA |
| | * | |
| EL ESTADO DOMINICANO | * | |
|     Y | * | |
| CORPORACION DOMINICANA | * | |
| DE ELECTRICIDAD (CDE) | * | |
|     Demandados | * | |
| | * | |
| | * | |

*****************************************

**ATT:** SECRETARIA DE LA CORTE INTERNACIONAL DE ARBITRAJE DE LA CAMARA DE COMERCIO INTERNACIONAL, CON SEDE EN PARIS FRANCIA

Distinguida señora González Arrocha:

**CAYMAN POWER BARGE I, LTD.**, corporación organizada y existente bajo las leyes de las Islas Cayman Islas Británicas Occidentales, con su domicilio social establecido en las oficinas de Midland Trust Corporation (Cayman) Ltd, Mary Street, P.O. Box 1109, Grand Cayman, Cayman Islands, British West Indies, parte demandante en el proceso arbitral de referencia, tiene a bien exponeros lo siguiente:

1.- En fecha diecinueve (19) de septiembre del año dos mil dos (2002), la CCI informó a las partes envueltas en el litigio de referencia, su acuse de recibo de la comunicación de fecha dieciocho (18) de septiembre del mismo año remitida por parte de la demandada No. 1 en el presente proceso, el Estado Dominicano, mediante la cual se informa al ICC la denominación conjunta hecha por las partes demandadas del Dr. Manuel V. Ramos como co-árbitro del mismo, e indicando que oportunamente sería enviada a las partes copia de la Declaración de Aceptación e Independencia a ser suscrita por dicho señor.

2. En fecha treinta (30) de septiembre del año dos mil dos (2002), la CCI remitió a las partes, copia de la Declaración de Aceptación e Independencia y del Curriculum Vitae del Dr. Manuel V. Ramos, invitándolas a presentar sus comentarios al respecto, antes o a más tardar el cuatro (4) del mes de octubre del año dos mil dos (2002).

3. En su Declaración de Aceptación e Independencia, el Dr. Manuel V. Ramos informa al Tribunal que en el proceso de arbtiraje No. 9157/FMS, entre Smith Enron Cogeneration

{N0886833.1}

vs. Corporación Dominicana de Electricidad y el Estado Dominicano, participó como Abogado de las últimas, aunque informa que posteriormente a la culminación del proceso se desligó absoluta y totalmente de las mismas, y que tal es la situación imperante a la fecha.

4. La vinculación revelada por el Dr. Manuel V. Ramos a la CORPORACIÓN DOMINICANA DE ELECTRICIDAD y el ESTADO DOMINICANO, en el proceso de referencia, constituye para CAYMAN POWER BARGE I, LTD. un motivo de serio cuestionamiento no solamente de la independencia con que pueda actuar el co-árbitro designado en el presente proceso, sino y sobretodo del real interés de la CORPORACIÓN DOMINICANA DE ELECTRICIDAD y el ESTADO DOMINICANO, en que el Tribunal arbitral quede definitivamente constituido.

5. CAYMAN POWER BARGE I, LTD., quiere dejar claro ante la CCI en los argumentos que esgrimirá a continuación, no constituyen un cuestionamiento a las cualidades profesionales ni morales del Dr. Manuel V. Ramos, en sus gestiones como Abogado en ejercicio y árbitro, sino que las informaciones reveladas por el Dr. Manuel V. Ramos en su Declaración de Aceptación e Independencia, ponen en duda la neutralidad y objetividad con que juzgar todo árbitro o juez, además de que revela una conducta procesalmente obstructivista de la CORPORACIÓN DOMINICANA DE ELECTRICIDAD y el ESTADO DOMINICANO, al impedir con nominaciones inadecuadas la conformación del tribunal arbitral.

6. Es evidente que no se está tomando en cuenta el principio de independencia establecido por la Sección 7.1 del Reglamento Arbitral, al designar como co-árbitro a un profesional que anteriormente ha actuado como Abogado de una de las partes, en un proceso de las mismas características y naturaleza que el presente proceso, como lo ha sido el intervenido entre la CORPORACIÓN DOMINICANA DE ELECTRICIDAD, el ESTADO DOMINICANO y SMITH ENRON COGENERATION, en que precisamente se trataba de la reclamación de un generador de energía por el pago de sumas adeudadas bajo un contrato de venta de energía, y que éste sólo hecho coloca a la demandante en este proceso, la empresa CAYMAN POWER BARGE I, LTD. en condiciones de cuestionar, con bases suficientes la neutralidad y objetividad con que podría desenvolverse el Sr. Manuel V. Ramos al decidir los asuntos relativos al presente caso, en vista de su antigua condición de abogado de la la CORPORACIÓN DOMINICANA DE ELECTRICIDAD y el ESTADO DOMINICANO en un asunto similar.

7. Llama más aún la atención de CAYMAN POWER BARGE I, LTD., que la situación que se genera con la nominación como co-árbitro de un Abogado que ha participado como representante de una de las partes en arbitrajes anteriores de la misma naturaleza, no es una situación nueva en el proceso de designación de co-árbitros del presente proceso. En efecto, la primera objeción a la nominación de los árbitros que conformarían el Tribunal Arbitral del presente proceso, fue presentada, respecto de la nominación del Sr. Luis Rafael Pellerano, como co-árbitro en nombre la CORPORACIÓN DOMINICANA DE ELECTRICIDAD y el ESTADO

{N0886833.1}                                        2

DOMINICANO, sobre la base de que dicho Abogado, había prestado servicios anteriormente para Productores Privados de Energía de la República Dominicana llegando a representar a miembros de dicho sector en negociaciones y discusiones con el Estado Dominicano.

8. Fue precisamente como consecuencia de que fuera acogida la recusación interpuesta por la CORPORACIÓN DOMINICANA DE ELECTRICIDAD sobre las bases de la vinculación previa del co-árbitro con una de las partes, que se otorgó oportunidad a la CDE y EL ESTADO DOMINICANO, de que designaran conjuntamente un co-árbitro en el presente proceso. Sin embargo, en las dos nominaciones que han hecho la CORPORACIÓN DOMINICANA DE ELECTRICIDAD y el ESTADO DOMINICANO, han presentado como candidatos a profesionales que revelan poseer el mismo carácter de vinculación con una de las partes, lo que ha motivado que se cuestione la objetividad y neutralidad de los árbitros propuestos.

9. Esta reiterada actuación, que se produce tanto en la designación del Dr. Rafael Tulio Pérez de León y del Dr. Manuel V. Ramos, ambos con vínculos profesionales con las partes lo suficientemente significativos como para hacer cuestionables su parcialidad y objetividad, constituye para CAYMAN POWER BARGE I LTD. una lamentable evidencia de que no existe interés por parte de la CORPORACIÓN DOMINICANA DE ELECTRICIDAD y el ESTADO DOMINICANO en que el Tribunal Arbitral del presente proceso quede definitivamente constituido.

10. Desde inicios del presente proceso, hace ya más de un año, tanto la CORPORACIÓN DOMINICANA DE ELECTRICIDAD como el ESTADO DOMINICANO, se han propuesto entorpecer el proceso, hasta el punto de que, a la fecha, aún no se ha podido constituir el Tribunal que decidirá sobre el tema.

11. Es evidente, que CAYMAN POWER BARGE I LTD. objeta y no estará de acuerdo en la nominación de un co-árbitro que ha tenido vinculaciones profesionales con una de las partes en un proceso arbitral de igual naturaleza que el que nos envuelve, y que ante una situación como la que dicha nominación plantea, no tendrá otro remedio que interponer ante la ICC tales objeciones, y verse forzada, por un acto procesal que entiende está viciado de mala fe, a que, con la interposición de dichas objeciones, se dilate aún más el inicio del presente proceso.

12. En tal sentido y atendiendo a las previsiones del artículo 7 (2) de las Reglas de Arbitraje de la ICC, según la cual el Secretario proveerá la información a las partes sobre los hechos o circunstancias que puedan afectar la independencia del árbitro a la luz de las partes, y en vista de los términos de la comunicación de fecha veintisiete (27) de septiembre del año dos mil dos (2002) dirigida a CAYMAN POWER BARGE, INC., mediante la cual se otorgaba un plazo hasta el día cuatro (4) del mes de octubre del año dos mil dos (2002) para proveer a la Corte sus comentarios a los hechos revelados en la Declaración de Aceptación e Independencia presentada por el Dr. Manuel V. Ramos, CAYMAN POWER BARGE I, LTD., objeta la designación del Dr. Manuel V. Ramos como co-árbitro en el presente proceso, por cuanto existen bases suficientes para cuestionar su objetividad, imparcialidad e independencia en el presente proceso, en

vista de que dicho abogado representó a la CORPORACIÓN DOMINICANA DE ELECTRICIDAD y el ESTADO DOMINICANO en un proceso de arbitraje de similares características que el presente, contra la empresa SMITH · ENRON COGENERATION.

13. Finalmente, CAYMAN POWER BARGE I, LTD, reitera que, en cuanto a los demás peticiones expuestas sobre los abogados de la CORPORACIÓN DOMINICANA DE ELECTRICIDAD y el ESTADO DOMINICANO en su escrito de fecha 23 de julio del año dos mil dos (2002) y las que se esgrimen en la instancia de fecha primero (1º) de julio del mismo, las decisiones en este sentido deben ser tomadas por el Panel Arbitral una vez esté debidamente constituido; por lo que, a los fines de preservar un correcto orden procesal, la Corte debe primero avocarse a conocer de la objeción presentada por la demandante a la designación del Dr. Manuel V. Ramos como co-árbitro en este proceso, reservándose la demandante el derecho de esgrimir los argumentos de hecho y derecho que considere pertinentes con respecto a dichos asuntos, una vez la Corte haya decidido sobre la supraindicada objeción, y un Panel Arbitral regularmente constituido, pueda juzgar con estricto apego a la ley y la equidad y con absoluta independencia, los aspectos preliminares planteados, así como los que puedan surgir con ocasión del proceso de que se trata.

Por todos estos motivos y los que pudiera suplir de oficio esta Honorable Corte Internacional de Arbitraje, y, además, bajo las más absolutas reserva, CAYMAN POWER BARGE I, LTD., les solicita:

**PRIMERO:** Que se declare Admisible en cuanto a la forma la objeción presentada por la parte demandante a la designación del Dr. Manuel V. Ramos como co-árbitro en el presente proceso, por haber sido interpuesta dentro del plazo otorgado por la Secretaria de la ICC, conforme las formalidades prescritas por los Artículos 7 y 11 de las Reglas de Arbitraje de la ICC.

**SEGUNDO:** En cuanto al fondo, que se acoja la objeción presentada por CAYMAN POWER BARGE I, LTD. a la designación de el Dr. Manuel V. Ramos como co-árbitro en el presente proceso, en razón de que el mismo no tiene para este asunto las condiciones de neutralidad e independencia a los fines de ejercer las funciones que le fueron conferidas, debido a que ha participado como Abogado de una de las partes Demandadas, la CORPORACIÓN DOMINICANA DE ELECTRICIDAD y el ESTADO DOMINICANO, en un proceso arbitral de similares características al presente.

**TERCERO:** Que se reserve el derecho de CAYMAN POWER BARGE I, LTD. de exponer sus consideraciones sobre las peticiones vertidas por los abogados de CDE mediante sus escritos de fechas 23 de julio y 1 de agosto del año dos mil dos (2002), hasta tanto el Tribunal Arbitral que debe decidir sobre dichas peticiones esté debidamente constituido una vez se sustituya al Dr. Manuel V. Ramos, suspendiéndose el plazo para exponer sus consideraciones hasta tanto se reformule la composición del Panel Arbitral.

**CUARTO:** Que se reserven las costas, a fin de que las mismas sean falladas conjuntamente con el fondo del proceso.

BAJO RESERVAS DE CUALQUIER OTRO DERECHO O ACCION.

En la ciudad de New Orleans, Louisiana, hoy día cuatro (4) del mes de octubre del año dos mil dos (2002).

Respetuosamente,

*[signature]*

JOHN C. REYNOLDS
GENEVIEVE M. HARTEL
Jones, Walker, Waechter, Poitevent
Carrere & Denegre, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Teléfono (504)582-8000

LUIS MIGUEL PEREYRA C.
EMMA MEJIA
Pereyra & Asociados
Calle Mustafá Kemal Atartuk No.52
Ensanche Naco
P.O. Box 543-2
Santo Domingo, República Dominicana
Teléfono (809) 472-1111

**Abogados del Reclamante**
**Cayman Power Barge I, Ltd.**