# FOSTER EXHIBIT E

City of Sunny Isles Beach, State of Florida, County of Miami-Dade

I, Richard Melman, a translator with TransPerfect Translations Inc., herby certify that I am fluent in the Spanish and English languages. I have been translating documents for over 20 years and am competent to translate from Spanish into English.

I hereby certify that the attached documents are, to the best of my knowledge and belief, accurate English translations of the Spanish-language document, *CAYMAN POWER BARGE I LTD.'S SUBMISSION TO THE SECRETARIAT OF THE INTERNATIONAL COURT OF ARBITRATION OF THE INTERNATIONAL CHAMBER OF COMMERCE, DATED OCTOBER 4, 2002.*

Richard Melman

Sworn before me this
19 day of March, 2007

Signature, Notary Public

Nora A. Nieva
Commission = DD403734
Expires: MAR. 07, 2009
www.AaronNotary.com

Stamp, Notary Public
State of Florida

# INTERNATIONAL COURT OF ARBITRATION
## OF THE
# INTERNATIONAL CHAMBER OF COMMERCE

CAYMAN POWER BARGE I, LTD.
       Plaintiff,

vs.

THE DOMINICAN STATE
       AND
CORPORACION DOMINICANA DE
ELECTRICIDAD [DOMINICAN ELECTRICITY
CORPORATION] (CDE)
       Defendants

REF. NO. 117721 KGA

**ATTN:**      SECRETARIAT OF THE INTERNATIONAL COURT OF ARBITRATION OF THE INTERNATIONAL CHAMBER OF COMMERCE, HEADQUARTERED IN PARIS, FRANCE

Distinguished Mrs. González Arrocha [sic]:

**CAYMAN POWER BARGE I, LTD.,** a corporation organized and existing under the laws of the Cayman Islands, British West Indies, with its corporate domicile established at the offices of Midland Trust Corporation (Cayman) Ltd., Mary Street, P.O. Box 1109, Grand Cayman, Cayman Islands, British West Indies, the plaintiff in the above-referenced arbitration proceeding, takes the liberty of expressing the following to you:

1.  On the nineteenth (19) day of September, two thousand two (2002), the ICC sent the parties to the above-referenced litigation its acknowledgment of receipt of the communication of the eighteenth (18) day of September of the same year, sent by defendant No. 1 in this proceeding, the Dominican State, informing the ICC of the defendants' joint appointment of Dr. Manuel V. Ramos as co-arbitrator thereof and indicating that a copy of the Statement of Acceptance and Independence to be signed by said arbitrator would be sent to the parties at the proper time.

2.  On the thirtieth (30) day of September, two thousand two (2002), the ICC sent the parties copies of the Statement of Acceptance and Independence and copies of the resume of Dr. Manuel V. Ramos, inviting them to comment thereof, before or no later than the fourth (4) day of October, two thousand two (2002).

3.  In his Statement of Acceptance and Independence, Dr. Manuel V. Ramos informed the Court that, in Arbitration Proceeding No. 9157/FMS, between Smith Enron Cogeneration

and Corporación Dominicana de Electricidad and the Dominican State, he participated as an attorney for the latter parties, though he declared that he absolutely and totally cut his ties with them after the completion of said proceeding, and that is the status in being at the present time.

4. For CAYMAN POWER BARGE I, LTD., the linkage to CORPORACIÓN DOMINICANA DE ELECTRICIDAD and the DOMINICAN STATE in the proceeding identified above, disclosed by Dr. Manuel V. Ramos, is a reason to seriously question not only the independence with which this co-arbitrator designated for the current proceeding might act but also, and above all, the real interest of CORPORACIÓN DOMINICANA DE ELECTRICIDAD and the DOMINICAN STATE in the Arbitral Tribunal's definitive convening.

5. CAYMAN POWER BARGE I, LTD. wishes to make it clear to the ICC in the arguments it will make hereinbelow that it does not question Dr. Manuel V. Ramos' professional or moral standing in his performance as a practicing attorney and arbitrator, but the information disclosed by Dr. Manuel V. Ramos in his Statement of Acceptance and Independence casts doubt on the neutrality and objectivity with which all arbitrators or judges must act, in addition to revealing a procedurally obstructionist conduct on the part of CORPORACIÓN DOMINICANA DE ELECTRICIDAD and the DOMINICAN STATE, in preventing the Arbitral Tribunal from convening by making improper nominations.

6. It is clear that the principle of independence prescribed in Section 7.1 of the Arbitration Regulations is not being followed when designating as a co-arbitrator a professional who has previously acted as an attorney for one of the parties in a proceeding having the same characteristics and nature as the current proceeding, as is the case of CORPORACIÓN DOMINICANA DE ELECTRICIDAD, the DOMINICAN STATE, and SMITH ENRON COGENERATION, which had to do precisely with a power generator's claim for payment of sums owed under a power sale contract, and this fact alone gives the plaintiff in the current proceeding, the CAYMAN POWER BARGE I, LTD. company, solid grounds on which to question the neutrality and objectivity with which Mr. Manuel V. Ramos might act in deciding on the issues in the current case, in view of his former role as attorney for CORPORACIÓN DOMINICANA DE ELECTRICIDAD and the DOMINICAN STATE in a similar matter.

7. CAYMAN POWER BARGE I, LTD. is even more struck by the fact that the situation arising from the nomination as a co-arbitrator of an attorney who has acted as a representative of one of the parties in a previous arbitration proceeding of the same kind is nothing new in the process of designation of the co-arbitrators in the current proceeding. In fact, the first objection to the nomination of the arbitrators who are to comprise the Arbitral Tribunal in the current proceeding was made against the nomination of Mr. Luis Rafael Pellerano as co-arbitrator on behalf of CORPORACIÓN DOMINICANA DE ELECTRICIDAD and the DOMINICAN

STATE, on the grounds that said attorney had previously served private power producers of the Dominican Republic and had even come to represent participants in that industry in negotiations and talks with the Dominican State.

8. It was precisely as a result of the acceptance of CORPORACIÓN DOMINICANA DE ELECTRICIDAD's recusal on the grounds of the co-arbitrator's previous linkage to one of the parties that CDE and the DOMINICAN STATE were given the opportunity to jointly designate a co-arbitrator in the current proceeding. However, in the two nominations which have been made by CORPORACIÓN DOMINICANA DE ELECTRICIDAD and the DOMINICAN STATE, professionals who have been shown to have the same kind of linkage to one of the parties have been put forward as candidates, which has led to a questioning of the proposed arbitrators' objectivity and neutrality.

9. In the opinion of CAYMAN POWER BARGE I LTD., this reiterated mode of action, occurring with the designation of both Dr. Rafael Tulio Pérez de León and Dr. Manuel V. Ramos, both of whom have professional ties to the parties significant enough to make their partiality [sic] and objectivity questionable, is an unfortunate demonstration that CORPORACIÓN DOMINICANA DE ELECTRICIDAD and the DOMINICAN STATE have no interest in the Arbitration Tribunal's definitive convening in the current procedure.

10. Since the inception of the current proceeding more than a year ago, both CORPORACIÓN DOMINICANA DE ELECTRICIDAD and the DOMINICAN STATE have striven to obstruct the proceeding, to such an extent that it has thus far been impossible to convene the Tribunal called upon to decide the issue.

11. Clearly, CAYMAN POWER BARGE I, LTD. objects and will not agree to the nomination of a co-arbitrator who has had professional ties to one of the parties in an arbitration proceeding of the same kind as the one in which we are now involved, and under circumstances such as those posed by said nomination, it has no alternative but to raise said objections with the ICC and find itself obliged by a procedural act which it understands to be vitiated by bad faith to see the commencement of the current proceeding delayed even further by the filing of these objections.

12. In this respect, and in accordance with the provisions of Article 7 (2) of the ICC's Rules of Arbitration, pursuant to which the Clerk's Office shall furnish information to the parties on facts or circumstances capable of impairing an arbitrator's independence in the parties' opinion, and in view of the terms of the communication dated the twenty-seventh (27) day of September, two thousand two (2002) addressed to CAYMAN POWER BARGE, INC., granting a term running up to the fourth (4) day of October, two thousand two (2002) in which to file its comments on the facts disclosed in the Statement of Acceptance and Independence submitted by Dr. Manuel V. Ramos with the Tribunal, CAYMAN POWER BARGE I, LTD. objects to the designation of Dr. Manuel V. Ramos as a co-arbitrator in the current proceeding because there are solid grounds for questioning his objectivity, impartiality, and independence in the current proceeding, in

view of the fact that said attorney represented CORPORACIÓN DOMINICANA DE ELECTRICIDAD and the DOMINICAN STATE in an arbitration proceeding similar to the current one, against the SMITH ENRON COGENERATION company.

13. Finally, CAYMAN POWER BARGE I, LTD. reiterates that, as regards the other petitions made by the attorneys for CORPORACIÓN DOMINICANA DE ELECTRICIDAD and the DOMINICAN STATE in their brief of the twenty third (23) day of July, two thousand two (2002) and those they put forward in the brief of the first (1) day of July of the same year, decisions thereon must be made by the Arbitration Panel once it has duly convened; accordingly, with a view to preserving a proper procedural order, the Court must first consider the objection filed by the plaintiff against the designation of Dr. Manuel V. Ramos as co-arbitrator in the current proceeding, and the plaintiff reserves the right to put forward the arguments of fact and law it sees fit in regard to said matters once the Court has decided on the aforementioned objection and a properly convened Arbitral Panel can judge the preliminary issues brought before it, as well as those which may arise in connection with the proceeding itself, in strict compliance with law and equity and with absolute independence.

For all the reasons expressed above, as well as those [reasons] the Honorable International Court of Arbitration may express *ex officio*, and additionally under the most absolute reserve, CAYMAN POWER BARGE I, LTD. requests you:

**FIRST:** To declare the objection filed by the plaintiff against the designation of Dr. Manuel V. Ramos as a co-arbitrator in the current proceeding to be Admissible in formal terms, for having been filed within the term granted by the ICC Clerk's Office, in accordance with the formalities prescribed in Articles 7 and 11 of the ICC's Rules of Arbitration.

**SECOND:** As regards substance, to accept the objection filed by CAYMAN POWER BARGE I, LTD. against the designation of Dr. Manuel V. Ramos as a co-arbitrator in the current proceeding, on the grounds that, in this case, he does not meet the requirements of neutrality and independence for the performance of the functions conferred upon him, because he has served as an attorney for one of the defendants, CORPORACIÓN DOMINICANA DE ELECTRICIDAD and the DOMINICAN STATE, in an arbitration proceeding similar to the current one.

**THIRD:** To reserve the right of CAYMAN POWER BARGE I, LTD. to express its considerations on the petitions filed by CDE's attorneys through their briefs of July 23 and August 1, two thousand two (2002) until such time as the Arbitration Tribunal which must decide on said petitions is duly convened after the replacement of Dr. Manuel V. Ramos, with a suspension of the term for filing their considerations until such time as the Arbitration Panel's composition is reformulated.

**FOURTH:** To reserve the costs, so that this issue may be decided upon jointly with the substance of the proceeding.


UNDER RESERVE OF ANY OTHER RIGHT OR ACTION.



In the city of New Orleans, Louisiana, on this day, the fourth (4) of October, two thousand two (2002).

Respectfully,

[signature]
JOHN C. REYNOLDS
GENEVIEVE M. HARTEL
Jones, Walker, Waechter, Poitevent
Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000

LUIS MIGUEL PEREYRA C.
EMMA MEJÍA
Pereyra & Asociados
Calle Mustafá Kemal Atartuk No. 52
Ensanche Naco
P.O. Box 543-2
Santo Domingo, Dominican Republic
Telephone: (809) 472-1111

Attorneys for the Claimant
Cayman Power Barge I, Ltd.

[NP886833.1]                                    5