# Exhibit A

### Article 1315 of the Civil Code of the Dominican Republic

*Spanish*

Art. 1315.- El que reclama la ejecución de una obligación, debe probarla. Recíprocamente, el que pretende estar libre, debe justificar el pago o el hecho que ha producido la extinción de su obligación.

*English*

Art. 1315.- One who demands the fulfillment of an obligation must be able to prove such obligation. Likewise, one who claims to be free must be able to justify the payment or the deed which has produced the termination of that obligation.

I certify this to be a true and accurate translation of the original document presented to me.

*Nancy N. Hancock*

Nancy T. Hancock, Notary Public
My commission expires 1/30/10.

Director, Language Company Translations, LC
Norman, Cleveland County, OK

NOTARY PUBLIC IN AND FOR STATE OF OKLAHOMA

OFFICIAL SEAL
Nancy T. Hancock
Commission # 06001189
Expires January 30, 2010

Código Civil de la República Dominicana
Civil Code of the Dominican Republic

Art. 1382.- Cualquier hecho del hombre que causa a otro un daño, obliga a aquel por cuya culpa sucedió, a repararlo

Article 1382.- Any deed by an individual which causes harm to another obliges that individual whose fault it was to provide satisfaction for it.

I certify this to be a true and accurate translation of the original document presented to me.

*Nancy T. Hancock*

Nancy T. Hancock, Notary Public
My commission expires 1/30/10.

Director, Language Company Translations, LC
Norman, Cleveland County, OK

**OFFICIAL SEAL**
NOTARY PUBLIC
IN AND FOR STATE OF OKLAHOMA
Nancy T. Hancock
Commission # 06001189
Expires January 30, 2010

Código Civil de la República Dominicana
Civil Code of the Dominican Republic

Art. 1383.- Cada cual es responsable del perjuicio que ha causado, no solamente por un hecho suyo, sino también por su negligencia o su imprudencia.

Article 1383.- Each person is responsible for damage he has caused, no only by his deeds, but also by his negligence or imprudence.

I certify this to be a true and accurate translation
of the original document presented to me.

Nancy T. Hancock, Notary Public
My commission expires 1/30/10.

Director, Language Company Translations, LC
Norman, Cleveland County, OK

OFFICIAL SEAL
Nancy T. Hancock
Commission # 06001189
Expires January 30, 2010

NOTARY PUBLIC
STATE OF
OKLAHOMA

### Article 59 of the Code of Civil Procedure of the Dominican Republic

*Spanish*

Art. 59.- En materia personal, el demandado será emplazado para ante el tribunal de su domicilio: si no tuviere domicilio, para ante el tribunal de su residencia: si hubiere muchos demandados, para ante el tribunal del domicilio de uno de ellos, a opción del demandante. En materia real, para ante el tribunal donde radique el objeto litigioso. En materia mixta, para ante el tribunal donde radique el objeto litigioso, o para ante el del domicilio del demandado. En materia de sociedad, en tanto que exista, para ante el tribunal del lugar en que se halle establecida. En materia de sucesión, para ante el tribunal en donde se haya abierto ésta, en los casos siguientes: 1o. en las demandas entre herederos, hasta la divisoria inclusive; 2o. en las demandas intentadas por los acreedores del difunto antes de la divisoria; y 3o. en las relativas a la ejecución de lasdisposiciones testamentarias, hasta la sentencia definitiva. En materia de quiebra, para ante el tribunal del domicilio del quebrado. En materia de garantía, para que el tribunal ante el cual se halle pendiente la demanda originaria. Finalmente, en el caso de elección de domicilio, para la ejecución de un acto, para ante el tribunal del domicilio designado, o el del domicilio real del demandado, de conformidad al artículo 111 del Código Civil.

*English*

Article 59.- In the case of persons, the defendant shall be summoned before the court of his domicile: if he has no such domicile, before the court of his residence: if there are many defendants, before the court of the domicile of one of them, at the option of the plaintiff. In the case of real matter, before the court where the object of litigation is located. In the case of mixed matter, either before the court where the object of litigation is located or before the court of the domicile of the defendant. In the case of corporate matter, if such exists, before the court of the place in which it is established. In the case of succession, before the court in which it has been brought, in the following cases: 1st, for petitions among heirs, until the inclusive division; 2nd, for petitions undertaken by creditors of the defunct, before the division; and 3rd, on those relative to the execution of testamentary dispositions, until the definitive judgment. In cases of bankruptcy, before the court of the domicile of the bankrupt person. In cases of guaranty, before the court before which the original petition is pending. Finally, in the case of selection of domicile, for the execution of an act, before the court of the designated domicile, or the real domicile of the defendant, in conformity with Article 111 of the Civil Code.

I certify this to be a true and accurate translation of the original document presented to me.

*Nancy T. Hancock*

Nancy T. Hancock, Notary Public
My commission expires 1/30/10.

Director, Language Company Translations, LC
Norman, Cleveland County, OK

NOTARY PUBLIC
IN AND FOR STATE OF OKLAHOMA

OFFICIAL SEAL
Nancy T. Hancock
Commission # 06001189
Expires January 30, 2010

**Constitución de la República Dominicana de fecha 25 de julio del 2002**
**Constitution of the Dominican Republic, dated July 25, 2002**

Artículo 4.- El gobierno de la Nación es esencialmente civil, republicano, democrático y representativo. Se divide en Poder Legislativo, Poder Ejecutivo y Poder Judicial. Estos tres poderes son independientes en el ejercicio de sus respectivas funciones. Sus encargados son responsables y no pueden delegar sus atribuciones, las cuales son únicamente las determinadas por esta Constitución y las leyes.

Article 4.- The government of the Nation is essentially civil, republican, democratic and representative. It is divided into a Legislative Power, an Executive Power, and a Judicial Power. These three powers are independent in the exercise of their respective functions. Those in charge bear the full responsibility and cannot delegate their duties, which are solely those determined by this Constitution and by laws.

I certify this to be a true and accurate translation
of the original document presented to me.

*Nancy T. Hancock*

Nancy T. Hancock, Notary Public
My commission expires 1/30/10.

Director, Language Company Translations, LC
Norman, Cleveland County, OK

NOTARY
PUBLIC
IN AND FOR
STATE OF
OKLAHOMA

OFFICIAL SEAL
Nancy T. Hancock
Commission # 06001189
Expires January 30, 2010

# Exhibit B-1

Consulta sentencias de la Suprema Corte de Justicia

| | |
|---|---|
| Fecha | 2/4/2003 |
| Materia | Civil |
| Recurrente (s) | Amelia Paiewonsky Batlle de Gómez. |
| Abogado (s) | Licdos. Alfonso Mendoza, Dilia Leticia Jorge Mera y Juan Manuel Ubiera. |
| Recurrido (s) | Refinería Dominicana de Petróleo, S. A. (REFIDOMSA). |
| Abogado (s) | Dres. Wenceslao Vega B., Luis Eligio Carela Valenzuela y Miguel A. García Vargas. |

**CAMARA CIVIL Casa Audi**

**encia pública del 2 de**

.

ública del 2 de abril del 2003.

Preside: Rafael Luciano Pichardo.

Dios, Patria y Libertad

En Nombre de la República, la Cámara Civil de la Suprema Corte de Justicia, actuando como Corte de Casación, ha dictado la sentencia siguiente:

Sobre el recurso de casación interpuesto por Amelia Paiewonsky Batlle de Gómez, dominicana, casada, de quehaceres domésticos domiciliada y residente en esta ciudad, portadora de la cédula No. 001-0097896-4 contra la sentencia No. 163/939 de fecha 12 de marzo de 1998, dictada por la Cámara Civil de la Corte de Apelación de Santo Domingo en funciones de Tribunal de Confiscaciones, cuyo dispositivo se copia más adelante;

Oído al alguacil de turno en la lectura del rol;

Oído en la lectura de sus conclusiones al Lic. Alfonso Mendoza, por sí y por los Licdos. Dilia Leticia Jorge Mera y Juan Manuel Ubiera, abogados de la parte recurrente;

Oído el dictamen del Magistrado Procurador General del República, el cual termina: "Que procede rechazar el recurso de casación de que se trata, por los motivos expuestos";

Visto el memorial de casación depositado en la Secretaría General de la Suprema Corte de Justicia, el 28 de agosto del 2001, suscrito por los Licdos. Dilia Leticia Jorge Mera y Juan Manuel Ubiera, en el cual se proponen los medios de casación que se indican más adelante;

Visto el memorial de defensa depositado en la Secretaría General de la Suprema Corte de Justicia, el 3 de octubre del 2001, suscrito por los Dres. Wenceslao Vega B., Luis Eligio Carela Valenzuela y Miguel A. García Vargas, abogados de la recurrida Refinería Dominicana de Petróleo, S. A. (REFIDOMSA);

Vista la Ley No. 25 de 1991, modificada por la Ley No. 156 de 1997, y los artículos 1, 20 y 65 de la Ley sobre Procedimiento de Casación;

La CORTE, en audiencia pública del 6 de febrero del 2002, estando presente los Jueces: Rafael Luciano Pichardo, Presidente; Eglys Margarita Esmurdoc, Margarita A. Tavares, Ana Rosa Bergés Dreyfous y José Enrique Hernández Machado, y después de haber deliberado los jueces que firman al pie;

Considerando, que en la sentencia impugnada y en los documentos a que ella se refiere, consta que con motivo de una demanda en reivindicación de inmueble, interpuesta por Amelia Margarita Paiewonsky Batlle de Gómez contra el Estado Dominicano, The Shell Company (W. I.) y la Refinería Dominicana de Petróleo, S. A., la Cámara Civil de la Corte

de Apelación de Santo Domingo, en funciones de Tribunal de Confiscaciones dictó, el 12 de marzo de 1998, la sentencia ahora impugnada con el siguiente dispositivo: "**Primero:** Acoge como buena y válida en cuanto a la forma la demanda en reivindicación de la Parcela No. 214 del Distrito Catastral No. 8 de San Cristóbal, interpuesta por la señora Amelia Margarita Paiewonsky Batlle de Gómez contra el Estado Dominicano, la Refinería Dominicana de Petróleo, S. A. y The Shell Company (West Indies) Limited, por haber sido interpuesta conforme a la ley; **Segundo:** Excluye, en cuanto al fondo, a la Refinería Dominicana de Petróleo, S. A. y The Shell Company (West Indies) Limited, porque la responsabilidad por la confiscación del inmueble aludido es exclusivamente del Estado Dominicano; **Tercero:** Declara que el inmueble reclamado no puede ser restituido o devuelto a su legítima dueña, señora Amelia Margarita Paiewonsky Batlle de Gómez, por entrar dicho inmueble dentro de las previsiones del artículo 37 de la Ley No. 5924 del 26 de mayo de 1962; **Cuarto:** Declara que la demandante, señora Amelia Margarita Paiewonsky Batlle de Gómez, tiene derecho a una compensación; **Quinto:** Comisiona al Magistrado Dr. Marcos Ricardo Álvarez Gómez, Juez de este tribunal, para que las partes en causa se pongan de acuerdo ante dicho magistrado, respecto del monto y de las modalidades de la compensación; **Sexto:** Fija la audiencia del día lunes 11 de mayo de 1998, a las diez horas de la mañana (10:00) en Cámara de Consejo, para que las partes concurran ante el Magistrado comisionado a los fines indicados en el ordinal quinto de la presente decisión; **Séptimo:** Compensa las costas";

Considerando, que la recurrente alega, en apoyo de su recurso de casación el siguiente Único Medio: Falta de motivos y consiguiente violación al artículo 141 del Código de Procedimiento Civil;

Considerando, que en el desarrollo de su único medio de casación, la recurrente alega en síntesis, que el Estado Dominicano se apoderó de la Parcela No. 214 del Distrito Catastral No. 8 de San Cristóbal, de su propiedad, mediante un abuso de poder, ya que dicha recurrente no había sido confiscada, ni enajenado dicho inmueble; que la aludida parcela fue aportada por el Estado Dominicano para la constitución de la Refinería Dominicana de Petróleo, S. A., en la que participó la Shell Company (W. I.) recibiendo el Estado Dominicano y la dicha entidad acciones en partes iguales; que, por el hecho de asociarse en el indicado acto ilícito, la hoy recurrente demandó al Estado Dominicano a la Refinería Dominicana de Petróleo, S. A., y a la Shell Company (W. I.); pero a pesar de los planteamientos de derecho, y los hechos alegados por la recurrente, la Corte a-qua excluyó de la demanda a la Shell Company y a la Refinería Dominicana de Petróleo, S. A., por considerar que sólo el Estado Dominicano es responsable frente a la recurrente, sin dar motivo alguno;

Considerando, que consta en la sentencia impugnada respecto de la incompetencia del Tribunal de Confiscaciones, propuesta por los demandados y su envío ante el Tribunal de Tierras, que dicho pedimento debe ser rechazado en razón de que, contrariamente a lo afirmado por los demandados, la Parcela No. 214 del Distrito Catastral No. 8 de San Cristóbal, estuvo registrada a nombre de la recurrente, mediante el Certificado de Título No. 3780, hasta que éste fue cancelado mediante oficio No. 1600 de 1964, del Secretario de Estado de Propiedades Públicas, de acuerdo con la Ley No. 48 de 1963 que declaró confiscados definitivamente, los bienes de las personas pertenecientes a la familia Trujillo, pasando a ser dicho inmueble propiedad del Estado Dominicano; que, como la litis tiene por objeto determinar una cuestión referente a la reivindicación del indicado inmueble es obvio que se trata de un asunto de la competencia del Tribunal de Confiscaciones y no del Tribunal de Tierras, puesto que el artículo 18 de la Ley No. 5924 de 1962 sobre Confiscación General de Bienes, a cuyo tenor en materia civil dicho tribunal será competente de una manera exclusiva para conocer: a) De todas las contestaciones que se originen o tengan por objeto bienes confiscados, aún cuando estén éstos registrados o en curso de saneamiento catastral...; que su objetivo fue el impedir la fragmentación de los procesos, asegurar la enmienda de errores y garantizar el respeto de los derechos de terceros en los bienes objeto de confiscación general, así como las acciones intentadas contra los adquirientes o causahabientes de las personas cuyos bienes hubieren sido confiscados, y con mayor razón si se trata, como en la especie, de la confiscación a una persona, por error o abuso de poder, en razón de no haber sido condenada a la confiscación de bienes;

Considerando, que consta asimismo en dicho fallo, respecto de la prescripción extintiva de la acción interpuesta por la recurrente, propuesta subsidiariamente por los demandados, que ésta debe ser desestimada en razón de que dicha acción tiene su fuente en el enriquecimiento ilícito, como consecuencia del abuso o usurpación de poder, y no fue aportada prueba alguna de que el inmueble de que se trata entró en el patrimonio del Estado como consecuencia de una transferencia, por mandato de la ley o por decisión judicial; que en este sentido, afirma la Corte, el artículo 33 de la indicada Ley No. 5924 de 1962 expresamente faculta al Tribunal de Confiscaciones a declarar no oponibles la prescripción en caso de abuso o usurpación del poder que imperó en la pasada tiranía;

Considerando, que, por otra parte, consta en la sentencia impugnada que no es posible la restitución a favor de la recurrente del inmueble reclamado, por haberse construido en el mismo, un complejo industrial de gran dimensión, situación que no ha negado la actual recurrente al concluir subsidiariamente en el sentido de que dicho inmueble no puede serle restituido por encontrarse dentro de las previsiones del artículo 37 de la citada Ley sobre Confiscación General de Bienes; que, en lo que respecta a la indemnización solicitada por la recurrente, el citado texto legal prevé que el tribunal declarará , cuando proceda, que la demandante tiene el derecho a una compensación y enviará a las partes para que se pongan de acuerdo ante el juez que comisiona dentro de su mismo seno, respecto del monto y las modalidades de la compensación; que la Corte es de criterio que debe excluir de responsabilidad a la Refinería de Petróleo, S. A., a The Shell Company (W. I.) en la litis, por entender que solo el Estado Dominicano es responsable ante la hoy recurrente por la confiscación del inmueble;

Respecto del medio inadmisión:

Considerando, que en su memorial de defensa, la Refinería de Petróleo, S. A. (REFIDOMSA), propone la inadmisibilidad del presente recurso de casación por tener carácter preparatorio la sentencia impugnada; que si bien dicho fallo contiene determinadas decisiones, como las de excluir a las dos demandadas, la Shell Company (W. I.) y la Refinería Dominicana de Petróleo, S. A., en sus disposiciones Quinto y Sexto ordena una medida de instrucción cuando designa un juez de su propio seno en virtud del artículo 37 de la Ley No. 5924 de 1962 sobre Confiscación General del Bienes, para que, de común acuerdo con las partes, determine el monto y las modalidades de la indemnización reconocida a la demandante, fijando una audiencia para tales fines;

Considerando, que de acuerdo con el artículo 452 del Código de Procedimiento Civil es preparatoria la sentencia dictada para la sustanciación de la causa, y poner el pleito en estado de recibir fallo definitivo; que se considera interlocutoria porque prejuzga el fondo, la sentencia que ordena una medida de instrucción encaminada a la prueba de hechos precisos cuyo establecimiento puede ser favorable a una de las partes, que es el caso; que en efecto, el examen de los motivos y el dispositivo del fallo impugnado pone de manifiesto su carácter decisorio de donde resulta que la medida ordenada por la Corte a-qua en ejecución de lo ordenado por el artículo 37 de la mencionada ley, no es mas que la consecuencia de la decisión de la Corte contenida en los ordinales primero tercero y cuarto de dicha sentencia en cuya virtud acoge la demanda en reinvindicación interpuesta por la hoy recurrente, excluye de responsabilidad de los demandados, reconoce la imposibilidad de restituir el inmueble confiscado y el derecho de la recurrente a una compensación, por lo que procede desestimar el medio de inadmisibilidad propuesto por la recurrida, Compañía Dominicana de Petróleo, S. A.;

Respecto del recurso de casación:

Considerando, que es obligación de los jueces del fondo justificar el dispositivo de sus fallos mediante una motivación suficiente, clara y precisa, respecto de todas las conclusiones de las partes, sean éstas principales o subsidiarias; que no obstante, la Corte a-qua en su fallo impugnado, haber motivado los aspectos de su dispositivo cuando acoge la demanda en reivindicación de la Parcela No. 214 del Distrito Catastral Número 8 de San Cristóbal, interpuesta por la recurrente, cuando asimismo declara, que por existir en el citado inmueble edificaciones de importancia debe ser aplicado el artículo 37 de la

Ley No. 5924 de 1962 sobre Confiscación General de Bienes, por cuya razón no puede ser restituido éste a su dueño, por lo que tiene derecho a una compensación, comisionando al efecto, en virtud de la citada disposición legal, a un juez de esa Corte para que, ante dicho magistrado, las partes en causa se pongan de acuerdo sobre dicha compensación, no justifica en cambio, mediante una motivación suficiente, clara y precisa, la exclusión de la Refinería Dominicana de Petróleo, S. A. y The Shell Company (W. I.) de su responsabilidad por la confiscación del inmueble indicado, no obstante los pedimentos formales y explícitos formulados por la recurrente, en el sentido de que las empresas indicadas fueran condenadas solidariamente con el Estado Dominicano en razón del despojo y consiguiente empobrecimiento de su patrimonio, y el enriquecimiento injusto y sin causa de los demandados; que en tal virtud procede acoger el medio de casación propuesto por la recurrente y casar la sentencia impugnada en el aspecto señalado, por haber incurrido en la violación del artículo 141 del Código de Procedimiento Civil.

Por tales motivos: **Primero:** Declara inadmisible el medio de inadmisibilidad propuesto por la recurrida, Refinería Dominicana de Petróleo, S. A., por improcedente e infundado; **Segundo:** Casa la sentencia No. 163/939 del 12 de marzo de 1998, dictada por la Cámara Civil de la Corte de Apelación de Santo Domingo, en funciones de Tribunal de Confiscaciones, limitado a lo dispuesto en el ordinal Segundo del indicado fallo, y envía el asunto, así delimitado, por ante la Cámara Civil y Comercial de la Corte de Apelación de Santiago en sus mismas atribuciones; **Tercero:** Condena a los recurridos al pago de las costas ordenando su distracción en provecho de los licenciados Dilia Leticia Jorge Mera y Juan Manuel Ubiera, por haberlas avanzado en su totalidad.

Así ha sido hecho y juzgado por la Cámara Civil de la Suprema Corte de Justicia, y la sentencia pronunciada por la misma, en la ciudad de Santo Domingo de Guzmán, Distrito Nacional, en su audiencia pública del 2 de abril del 2003.

Firmado: Rafael Luciano Pichardo, Eglys Margarita Esmurdoc, Margarita A. Tavares, Ana Rosa Bergés Dreyfous y José Enrique Hernández Machado. Grimilda Acosta, Secretaria General.

La presente sentencia ha sido dada, firmada y pronunciada por los señores Jueces que figuran al pie, en la audiencia pública del día mes y año en ella expresados, y fue firmada, leída y publicada por mi, Secretaria General, que certifico.

www.suprema.gov.do

RETORNAR

# Exhibit B-2

Judgment Consultation of the Supreme Court of Justice

| | |
|---|---|
| Date | 2/4/2003 |
| Matter | Civil |
| Appellant | Amelia Paiewonsky Batlle de Gómez. |
| Attorneys | Alfonso Mendoza, Dilia Leticia Jorge Mera & Juan Manuel Ublera. |
| Respondent | Refinería Dominicana de Petróleo, S. A. (REFIDOMSA). |
| Attorneys | Dr. Wenceslao Vega B., Luis Eligio Carela Valenzuela & Miguel A. García Vargas. |

## CIVIL CHAMBER
## Chamber of Public Hearings
## April 2, 2003

Presiding: Rafael Luciano Pichardo.

God, Nation and Liberty

In the Name of the Republic, the Civil Chamber of the Supreme Court of Justice, acting as the Court of Annulment, has issued the following judgment:

On the remedy of annulment interposed by Amelia Paiewonsky Batlle de Gómez, Dominican, married, homemaker, domiciled and resident in this city, bearer of I. D. No. 011-0097896-4, against judgment No. 163/939 dated March 12, 1998, reported by the Civil Chamber of the Appeals Court of Santo Domingo serving as the Court of Confiscation, whose disposition is copied below;

After hearing the bailiff on duty read the roll;

After hearing the reading of their conclusions by Alfonso Mendoza for himself and for Dilia Leticia Jorge Mera and Juan Manuel Ublera, attorneys for the petitioner;

After hearing the opinion of the Magistrate Procurator General of the Republic, which ends: "Who proceeds to refuse the remedy of annulment which is under consideration, for the reasons given;"

After reading the memorial of annulment deposited with the General Secretary of the Supreme Courte of Justice on October 3, 2001, signed by Drs. Wenceslao Vega B., Luis Eligio Carela Valenzuela and Miguel A. García Vargas, attorneys for the above-mentioned Refinería Dominicana de Petróleo, S. A. (REFIDOMSA);

After reading Law No. 25 of 1991, modified by Law No. 156 of 1997, and Articles 1, 20, and 65 of the Law of Procedures of Annulment;

The COURT, in public hearing on February 6, 2002, being present Judges: Rafael Luciano Pichardo, President; Eglys Margarita Esmurdoc, Margarita A. Tavares, Ana Rosa Bergés Dreyfous and José Enrique Hernández Machado, and after having deliberated those judges who signed below;

Whereas, in the judgment herein impugned and in the documents which refer to it, it is recorded that for the purposes of a request for recovery of real property interposed by Amelia Margarita Paiewonsky Batlle de Gómez against the Dominican State, The Shell Company (W. I.) and the Refinería Dominicana de Petróleo, S. A., the Civil Chamber of the Court of Appeals of Santo Domingo, functioning as the Court of Confiscation issued on March 12, 1998, the judgment now

challenged, and made the following disposition: "**Firstly**: It accepts as good and valid in terms of form the request for recovery of Lot No. 214 of Land District No. 8 of San Cristobal, interposed by Mrs. Amelia Margarita Paiewonsky Batlle de Gómez against the Dominican State, the Refineria Dominicana de Petróleo, S. A. and The Shell Company (West Indies) Limited, as having been interposed in accordance with the law; **Secondly**: It excludes, as regards background, the Refineria Dominicana de Petróleo, S. A. and The Shell Company (West Indies) Limited because the responsibility for the confiscation of the real property mentiones is exclusively that of the Dominican State; **Thirdly**: It declares that the real property claimed cannot be restored or returned to its legitimate owner, Mrs. Amelia Margarita Paiewonsky Batlle de Gómez, because that property is under the provisions of Article 37 of Law No. 5924 of May 26, 2962; **Fourthly**: It declares that the petitioner, Mrs. Amelia Margarita Paiewonsky Batlle de Gómez, has the right to compensation; **Fifthly**: It commissions Magistrate Dr. Marcos Ricardo Álvarez Gómez, Judge of this court, so that the parties to this cause may come to an accord before this judge in terms of the amount and the terms of compensation; **Sixthly**: It fixes a hearing for Monday, May 11, 1998, at 10:00 a.m., in the Council Chamber, so that the parties may meet before the Magistrate commissioned in point five of the present judgment; **Seventhly**: It will pay costs;"

Whereas, the claimant alleges in support of her appeal for annulment the following sole reason: a lack of motive and consequent violation of Article 141 of the Code of Civil Procedures;

Whereas, in the development of her sole reason for annulment, the claimant alleges in summary that the Dominican State took Lot 214 of Land District No. 8 of San Cristobal, her property, through an abuse of power, since said claimant had not had the real property condemned nor had said property been transferred; that the above-mentioned property was taken by the Dominican State for the building of the Refineria Dominicana de Petróleo, S. A., in which Shell Company (W. I.) took part, the Dominican State and the abovementioned entity receiving shares in equal parts; that, because of taking part in the indicated illicit act, the current claimant sued the Dominican State, the Refineria Dominicana de Petróleo, S. A., and Shell Company (W. I.); but despite the statement of law and the deeds alleged by the claimant, the Court from which the case was appealed excluded from the demand Shell Company and the Refineria Dominicana de Petróleo, S. A., considering that only the Dominican State was responsible to the claimant, without giving any reason;

Whereas, it is clear from the judgment challenged with respect to the incompetence of the Court of Confiscation as proposed by the defendants and its referral to the Land Court, that such petition should be refused because, contrary to what was maintained by the defendants, Lot No. 214 of the Land District No. 8 of San Cristobal, was registered in the name of the claimant, through Title Certificate No. 3780, until such time as it was cancelled by Form 1600 of 1964 from the Secretary of State for Public Properties, in accordance with Law No. 48 of 1963 which declared definitively confiscated the assets of persons belonging to the Trujillo family, such real properties passing to the Dominican State; that, since the lawsuit has as its object a question referring to the recovery of the said real property, it is obvious that it is a matter under the authority of the Court of Confiscation and not of the Land Court, since Article 18 of Law No. 5924 of 1962 on General Confiscation of Assets, to whose tenor in civil matters the said court will be competent in an exclusive matter to understand: a) Of all allegations which originate or have as their object confiscated assets, even when these are recorded or in the process of property reparation...; that their objective was to avoid the fragmentation of the proceedings, assure the correction of errors and guarantee the respect for the rights of third parties to the assets which were the object of general confiscation, as well as actions undertaken against the purchasers or assignees of persons whose assets had been confiscated, and even more if it is a case, as in the present instance, of the confiscation from a person, by error or abuse of power, given that there had been no sentence of confiscation of assets;

Whereas, the abovementioned judgment, with reference to the perpetual bar to action interposed by the petitioner, proposed ancillarily by the respondents, that this should be dismissed because such an action has its source in illicit enrichment as a consequence of the abuse or usurpation of

power, and that there was no proof provided that the asset in question entered the patrimony of the State as the consequence o f a transfer, as mandated by law or by judicial decision; that in this sense, affirms the Court, Article 33 of the abovementioned Law No. 5924 of 1962 expressly authorized the Tribunal of Confiscation to declare not opposable prescription in the case of abuse or usurpation of the power that was in control during the past tyranny;

Whereas, on the other hand, the challenged judgment indicates that it is not possible to return to the claimant the asset claimed, since an industrial complex of great size has been constructed thereon, a situation which the claimant has not denied by concluding in an ancillary manner that the indicated asset cannot be returned to her because it is under the provisions of Article 37 of the cited Law of General Confiscation of Assets; that, as concerns indemnification requested by the claimant, the cited legal text states that the court shall declare, when it proceeds, that the claimant has the right to compensation, and will send the parties to come to agreement before the judge that it commissions from within its own body concerning the amount and terms of compensation; that the Court is of the opinion that it should exclude from responsibility the Refinería de Petróleo, S. A., and The Shell Company (W. I.) in the lawsuit, which is to make clear that only the Dominican State is responsible before the current claimant for the confiscation of the asset;

Respecting the claim of inadmissibility:

Whereas, in its memorial of defense, the Refinería de Petróleo, S. A. (REFIDOMSA) proposes the inadmissibility of the present remedy of annulment because the judgment impugned has a preliminary nature, that if the stated judgment contains specific decisions, such as those to exclude the two defendants, Shell Company (W.I.) and the Refinería Dominicana de Petróleo S. A., in its Fifth and Sixth provisions it orders a measure of instruction when it designates a judge from within its own body by virtue of Article 37 of Law No. 5924 of 1962 on General Confiscation of Assets, to, in common agreement with the parties, determine the amount and terms of compensation recognized as due to the claimant, establishing a hearing for that purpose;

Whereas, in accord with Article 452 of the Code of Civil Procedures the judgment for the substantiation of the cause is preparatory, and to put the lawsuit in condition to receive a definitive judgment; that it is considered interlocutory because it prejudges the base, the verdict that orders a measure of instruction designed to prove specific deeds whose establishment can be favorable to one of the parties, which is the case; that in effect, the examination of the motives and the provision of the impugned judgment clarifies its decisive nature from which it results that the measure ordered by the Court from which the case was appealed, in the execution of that which is required by Article 37 of the abovementioned law, is no more than the consequence of the decision of the Court contained in numbers one, three, and four of the cited judgment by virtue of which the request for recovery interposed by the current claimant excludes from responsibility the defendants, recognizes the impossibility of restitution of the confiscated asset and the right of the claimant to compensation, by which it proceeds to dismiss the claim of inadmissibility proposed by the defendant Compañía Dominicana de Petróleo, S. A.;

Respecting the remedy of annulment:

Whereas, it is the obligation of the judges to justify the provision of its judgments concerning sufficient, clear and precise motivation as concerns all the conclusions of the parties, be they principal or subsidiary; that nevertheless the Court from which the case was appealed for its impugned judgment, to have motivated the aspects of its provision when it accepts the request for recovery of Lot 214 of Land District No. 8 of San Cristobal interposed by the claimant, when it also declares that since important buildings exist on that cited lot Article 37 of Law 5924 of 1962 on General Confiscation of Assets should be applied, for which reason the lot cannot be returned to its owner, so that she has the right to compensation, commissioning for that purpose, by virtue of the cited legal provision, a judge of that Court so that before that magistrate the parties to the cause may come to an agreement on such compensation, on the other hand it does not justify, by

sufficient, clear and precise motivation, the exclusion of the Refinería Dominicana de Petróleo S. A. and The Shell Company (W. I.) from its responsibility for the confiscation of the indicated asset, given the formal and explicit petitions formulated by the claimant, in the sense that the indicated businesses were equally guilty along with the Dominican State on the basis of dispossession and consequent impoverishment of her patrimony, and the unjust and without cause enrichment of the defendents; that in virtue thereof it shall proceed to accept the matter of annulment proposed by the claimant and annul the judgment impugned in the indicated respect, for having violated Article 141 of the Code of Civil Procedures.

Therefore: **Firstly:** it declares inadmissible the concept of inadmissiblity proposed by the defendent Refinería Dominicana de Petróleo, S. A., as inappropriate and unfounded; **Secondly:** It annuls judgment No. 163/939 of March 12, 1998, pronounced by the Civil Chamber of the Appeals Court of Santo Domingo, functioning as the Court of Confiscation, limited to the dispositions of the Second number of the indicated judgment, and sends the matter, thus defined, to the Civil and Commercial Chamber of the Court of Appeals of Santiago with its same duties; **Thirdly:** It sentences the defendents to the payment of costs, ordering their payment to the order of attorneys Dilia Leticia Jorge Mera and Juan Manuel Ubiera, who had advanced payment in their entirety.

Thus it has been done and sentenced by the Civil Chamber of the Supreme Court of Justice, and the judgment pronounced by that body, in the city of Santo Domingo de Guzmán, National District, in its public hearing of April 2, 2003.

Signators: Rafael Luciano Pichardo, Eglys Margarita Esmurdoc, Margarita A. Tavares, Ana Rosa Bergés Dreyfous and José Enrique Hernández Machado. Grimilda Acosta, General Secretary.

The present verdict has been given, signed, and pronounced by the Judges who signed below, in the public hearing on the day, month and year indicated, and was signed, read, and published by me, the Secretary General. So sworn.

I certify this to be a true and accurate translation of the original document presented to me.

*Nancy T. Hancock*

Nancy T. Hancock, Notary Public
My commission expires 1/30/10.

Director, Language Company Translations, LC
Norman, Cleveland County, OK

NOTARY PUBLIC IN AND FOR STATE OF OKLAHOMA    OFFICIAL SEAL
Nancy T. Hancock
Commission # 06001189
Expires January 30, 2010

# Exhibit C

Consulta sentencias de la Suprema Corte de Justicia


Fecha          1/10/2003
Materia        Constitucional
Recurrente (s)Fundación Institucionalidad y Justicia, Inc. y compartes
Abogado (s)
Recurrido (s)
Abogado (s)

### Dios, Patria y Libertad

### República Dominicana

nicana

En Nombre de la República, la Suprema Corte de Justicia, regularmente constituida por los Jueces Jorge A. Subero Isa, Presidente, Rafael Luciano Pichardo, Primer Sustituto de Presidente, Eglys Margarita Esmurdoc, Segundo Sustituto de Presidente; Hugo Álvarez Valencia, Juan Luperón Vásquez, Margarita A. Tavares, Julio Ibarra Ríos, Enilda Reyes Pérez, Dulce Ma. Rodríguez de Goris, Julio Aníbal Suárez, Víctor José Castellanos Estrella, Ana Rosa Bergés Dreyfous, Edgar Hernández Mejía, Darío O. Fernández Espinal, Pedro Romero Confesor y José E. Hernández Machado, asistidos de la Secretaria General, en la Sala donde celebra sus audiencias, en la ciudad de Santo Domingo de Guzmán, Distrito Nacional, hoy 1ro. de octubre del 2003, años 160E de la Independencia y 141E de la Restauración, dicta en audiencia pública, la siguiente sentencia:

Sobre la acción en inconstitucionalidad intentada por Fundación Institucionalidad y Justicia, Inc., asociación sin fines de lucro organizada de conformidad con la Ley No. 520 del 1920, con domicilio en el piso 8 de la Torre Piantini, ubicada en la intersección de las Avenidas Abraham Lincoln y Gustavo Mejía Ricart, de la ciudad de Santo Domingo, Distrito Nacional, debidamente representada por su Presidenta, Lic. Fabiola Medina Garnes, dominicana, abogada, mayor de edad, cédula de identidad y electoral No. 001-0094970-0, domiciliada y residente en esta ciudad de Santo Domingo, Distrito Nacional; Asociación Dominicana de Abogados Empresariales, Inc., asociación sin fines de lucro, organizada de conformidad con la Ley No. 520 de 1920, con domicilio en la ciudad de Santo Domingo, Distrito Nacional, debidamente representada en la presente instancia por su Presidente, Lic. Marcos Peña Rodríguez, dominicano, mayor de edad, casado, portador de la cédula y electoral No. 001-0167246-7, domiciliado y residente en esta ciudad; Asociación Nacional de Jóvenes Empresarios (ANJE), asociación sin fines de lucro, organizada de conformidad con la Ley 520 de 1920, con domicilio en la Av. Sarasota No. 20, Torre Empresarial, de esta ciudad de Santo Domingo, Distrito Nacional, debidamente representada por su Presidenta, Lic. Marisol Vicens, dominicana, mayor de edad, casada, portadora de la cédula de identidad y electoral No. 001-0974105-8, domiciliada y residente en esta ciudad; Centro de Estudios Sociales P. Juan Montalvo, S. J., del Centro Bonó, Inc., una institución sin fines de lucro, debidamente organizada y existente de conformidad con las leyes de la República Dominicana, muy especialmente al amparo de la Ley No. 520 de 1920, con su asiento social localizado en la calle Josefa Brea número 65, de esta ciudad de Santo Domingo, debidamente representada por su Director, Jorge Cela, dominicano, mayor de edad, soltero, portador de la cédula de identidad y electoral No. 001-0340040-4, domiciliado y residente en esta ciudad; Participación Ciudadana, Inc., una institución sin fines de lucro, debidamente organizada y existente de conformidad con las leyes de la República Dominicana, muy especialmente al amparo de la Ley No. 520 de 1920, con su domicilio localizado en la calle Desiderio Arias No. 25, Ensanche la Julia, de esta ciudad, debidamente representada por su Coordinadora General, Miriam Díaz Santana, dominicana, mayor de edad, casada, socióloga, cédula de identidad y electoral No. 001-0020843-8, domiciliada y residente en esta ciudad; Centro Dominicano de Asesoría e Investigaciones Legales (CEDAIL), una institución sin fines de lucro, debidamente organizada y existente de conformidad con las leyes de la República

Dominicana, muy especialmente al amparo de la Ley No. 520 de 1920, con su domicilio localizado en la Ave. Mella No. 11 D, Santa Bárbara, de esta ciudad, debidamente representada por su Director Ejecutivo, Dr. Pedro Ubiera, dominicano, mayor de edad, casado abogado, portador de la cédula de identidad y electoral No. 001-0134709-4, domiciliado y residente en esta ciudad, quienes tienen como abogados constituidos y apoderados especiales a los Licdos. Carlos Salcedo y Marcos Peña Rodríguez, con estudio profesional abierto para los fines de la presente instancia, en el piso 8 de la Torre Piantini, ubicada en la intersección de las avenidas Gustavo Mejía Ricart y Abraham Lincoln, de esta ciudad, lugar donde los requerientes hacen elección de domicilio, contra la parte capital del artículo 1 del Decreto No. 139-03, del 9 de febrero de 2003, del Poder Ejecutivo;

Vista la instancia dirigida a la Suprema Corte de Justicia, el 14 de febrero de 2003, por las impetrantes y suscrita por sus abogados, la cual concluye así: **"Primero:** Declarar la inconstitucionalidad del artículo 1 del Decreto No. 139-03, de fecha nueve (9) de febrero del dos mil tres (2003), dictado por el Poder Ejecutivo, que aprueba un recargo de un 10% en perjuicio de varios agentes económicos de la nación, por desconocer preceptos constitucionales y, en consecuencia; **Segundo:** Pronunciar la nulidad erga omnes del precitado artículo del Decreto No. 139-03, por aplicación de lo dispuesto por el artículo 46 de la Constitución";

La Suprema Corte de Justicia después de haber deliberado y visto los artículos 67, inciso 1, 4, 37, inciso 1 y 46 de la Constitución de la República y 13 de la Ley No. 156-97, así como los demás textos invocados por las impetrantes;

Considerando, que el artículo 67, inciso 1, de la Constitución de la República dispone que corresponde, exclusivamente, a la Suprema Corte de Justicia, sin perjuicio de las demás atribuciones que le confiere la ley, conocer en única instancia de la constitucionalidad de las leyes, a solicitud del Poder Ejecutivo, de uno de los Presidentes de las Cámaras del Congreso Nacional o de parte interesada;

Considerando, que en la especie, la acción intentada se refiere a la petición de declaratoria de inconstitucionalidad por vía directa o principal de la parte capital del artículo 1 del Decreto No. 139-03, del 9 de febrero de 2003, dictado por el Poder Ejecutivo, que establece con carácter transitorio de tres meses, un recargo de un 10% (diez por ciento) sobre las importaciones de bienes y vehículos de motor de cualquier tipo, exceptuando los bienes alimenticios, medicamentos, materias primas, maquinarias y equipos, a partir de la promulgación de dicho decreto;

Considerando, que las impetrantes alegan, en apoyo de su instancia, en síntesis, lo siguiente: a) que como medida paliativa y provisional de los problemas que sufre nuestra economía, el 9 de febrero de 2003, fue emitido por el Poder Ejecutivo, el Decreto No. 139-03 que establece con carácter transitorio de tres meses, en su artículo 1, un recargo de 10% (diez por ciento) sobre las importaciones de bienes y vehículos de motor de cualquier tipo, exceptuando los bienes alimenticios, medicamentos materias primas, maquinarias y equipos; b) que, sin embargo, sin cuestionar la oportunidad o procedencia de la medida, desde el punto de vista económico, la misma resulta inconstitucional desde el punto de vista de la norma sustantiva que rige en República Dominicana, al establecer mediante decreto un recargo selectivo de un diez por ciento (10%) a las importaciones no indispensables; c) que las entidades impetrantes, poseedoras de personalidad jurídica tienen el derecho de demandar, por vía de acción directa, al amparo del artículo 67, inciso 1 de la Constitución, la inconstitucionalidad de una ley, decreto, resolución o reglamento, cuando cualquiera de ellas ha afectado sus derechos fundamentales o transgredido una o varias normas fundamentales, como ocurre en la especie, pues el Decreto No. 139-03, objeto de la presente acción les afecta y no solamente ha causado agravios a las impetrantes, sino que constituye una amenaza actual y para el futuro tanto para ellas como para las personas de derecho prevalecidas del principio de legalidad y de supremacía constitucional; d) que de acuerdo con los principios que rigen el derecho constitucional dominicano, y así se ha pronunciado la Suprema Corte de Justicia, este tribunal es competente para conocer de los recursos de inconstitucionalidad; e) que la acción por ellas intentada es admisible en razón de que en su caso se cumplen los

Consulta Sentencias SCJ.

criterios fijados para su admisión que versan sobre la noción de parte interesada, para determinar la calidad del denunciante; la gravedad y seriedad de la denuncia; y el alcance de la declaratoria de inconstitucionalidad; f) que las disposiciones del Decreto No. 139-03, dictado por el Poder Ejecutivo son contrarias a la Constitución, ya que dichas normas violan los artículos 4 y 37.1 de la misma, porque su artículo 1 desborda los límites y ámbito de la competencia del Poder Ejecutivo, en detrimento de la facultad exclusiva y excluyente que otorgan esas disposiciones sustantivas al Congreso Nacional de establecer los impuestos en virtud del principio de la legalidad tributaria y de la separación de los poderes; g) que al establecer el citado artículo 37.1 que "son atribuciones del congreso: 1) establecer los impuestos o contribuciones generales y determinar el modo de su recaudación e inversión", ello significa que el Presidente de la República no tiene calidad para establecer impuestos ni modificar los existentes, pues tal facultad corresponde exclusivamente al Congreso, por lo que el citado decreto es nulo por aplicación del artículo 46 de la Constitución;

Considerando, que el artículo 1 del Decreto No. 139-03, del 9 de febrero de 2003, en su parte capital expresa lo siguiente: "A partir de la promulgación del presente Decreto se establece con carácter transitorio de tres meses un recargo de un 10% (diez por ciento) sobre las importaciones de bienes y vehículos de motor de cualquier tipo, exceptuando los bienes alimenticios, medicamentos, materias primas, maquinarias y equipos";

Considerando, que efectivamente el artículo 4 de la Constitución consagra la división de los poderes y hace a sus encargados responsables y precisa que éstos no pueden delegar sus atribuciones, las cuales son únicamente las determinadas por la Constitución y las leyes; que entre esas atribuciones al Congreso le corresponde, según el artículo 37, numeral 1, como Poder Legislativo, establecer los impuestos o contribuciones generales y determinar el modo de su recaudación e inversión; que entre las atribuciones reservadas a la competencia del Presidente de la República al tenor del artículo 55 de la Constitución, no se encuentra la de instituir impuestos o contribuciones; que el Decreto No. 139-03, del 9 de febrero de 2003, fija en la parte capital de su artículo 1, un recargo de un 10% (diez por ciento), desde la fecha de su promulgación y hasta por un período de tres meses, sobre las importaciones de bienes y vehículos de motor de cualquier tipo, exceptuando los bienes alimenticios, medicamentos, materias primas, maquinarias y equipos; que el recargo, conforme al Derecho fiscal, no es más que un aumento del impuesto que el contribuyente debe pagar al erario como medida general o como sanción; que como el decreto de que se trata establece un recargo como medida general a las importaciones a que la disposición ejecutiva se refiere, resulta evidente la transgresión, por vía del señalado decreto, de las disposiciones del numeral 1 del artículo 37 de la Constitución, al crear un impuesto que sólo al Congreso Nacional, corresponde establecer; que al carecer de capacidad el Poder Ejecutivo para disponer un recargo de un diez por ciento (10%) a las importaciones a que se refiere el decreto argüido de inconstitucionalidad, como se ha visto, dicho decreto es nulo por contravenir al artículo 46 de la Ley Sustantiva, según el cual, "son nulos de pleno derecho toda ley, decreto, resolución o acto contrarios a esta Constitución".

Por tales motivos: **Primero:** Acoge la instancia elevada por la Fundación Institucionalidad y Justicia, Inc., y comparte, y, en consecuencia, declara no conforme a la Constitución, el artículo 1, en su parte capital del Decreto No. 139-03, del 9 de febrero del 2003, del Poder Ejecutivo; **Segundo:** Ordena que la presente sentencia sea comunicada al Magistrado Procurador General de la República para los fines de lugar, y a las impetrantes, y publicada en el Boletín Judicial.

Firmado: Jorge A. Subero Isa, Rafael Luciano Pichardo, Eglys Margarita Esmurdoc, Hugo Álvarez Valencia, Juan Luperón Vásquez, Margarita A. Tavares, Julio Ibarra Ríos, Enilda Reyes Pérez, Dulce Ma. Rodríguez de Goris, Julio Aníbal Suárez, Víctor José Castellanos Estrella, Ana Rosa Bergés Dreyfous, Edgar Hernández Mejía, Darío O. Fernández Espinal, Pedro Romero Confesor y José E. Hernández Machado. Grimilda Acosta, Secretaria General.

La presente sentencia ha sido dada y firmada por los señores Jueces que figuran en su encabezamiento, en la audiencia pública del día, mes y año en él expresados, y fue

Case 1:06-cv-01362-RMC    Document 27-2    Filed 04/10/2007    Page 21 of 25
Consulta Sentencias SCJ.

Page 4 of 4

firmada, leída y publicada por mí, Secretaria General, que certifico.

www.suprema.gov.do

KRETORNAR

# Exhibit D

**God, Nation and Liberty**
**Dominican Republic**

In the Name of the Republic, the Supreme Court of Justice, normally constituted by Judges Jorge A. Subero Isa, President, Rafael Luciano Pichardo, First Vice-Presidente, Eglys Margarita Esmurdoc, Second Vice-Presidente; Hugo Alvarez Valencia, Juan Luperón Vásquez, Margarita A. Tavares, Julio Ibarra Ríos, Enilda Reyes Pérez, Dulce María Rodríguez de Goris, Julio Aníbal Suárez, Víctor José Castellanos Estrella, Ana Rosa Bergés Dreyfous, Edgar Hernández Mejía, Darío O. Fernández Espinal, Pedro Romero Confesor y José E. Hernández Machado, Assisted by the Secretary General, in the Courtroom in which its hearings are held, in the city of Santo Domingo de Guzmán, National District, on October 1, 2003, 160th year of Independence and 141st of Restoration, issues in open hearing the following judgment:

On the action on unconstitutionality brought by Fundación Institucionalidad y Justicia, Inc., a non-profit association organized in conformity with Law No. 520 of 1920, domiciled on the eighth floor of the Torre Piantini, located at the intersecion of Abraham Lincoln and Gustavo Mejía Ricart Avenues, in the city of Santo Domingo, National District, duly represented by its President, Lic. Fabiola Medina Garnes, Dominican, attorney, adult, identity and voting registration number 001-0094970-0, domiciled and resident in this city of Santo Domingo, National District; Asociación Dominicana de Abogados Empresariales, Inc., a non-profit association organized in conformity with Law No. 520 of 1920, domiciled in the city of Santo Domingo, National District, duly represented in the present instance by its President, Lic. Marcos Prña Rodríguez, Dominican, adult, married, bearer of identity and voting registration number 001-0167246-7, domiciled and resident in this city; Asociación Nacional de Jóvenes Empresarios (ANJE), a non-profit association organized in conformity with Law No. 520 of 1920, domiciled at Sarasota Ave. No. 20, Torre Empresarial, of this city of Santo Domingo, National District, duly represented by its President, Lic. Marisol Vicens, Dominican, adult, married, bearer of identity and voting registration number 001-9074105-8, domiciled and resident in this city; Centro de Estudios Sociales P. Juan Montalvo, S. J., of the Centro Bonó, Inc., a non-profit institution duly organized and existing in conformity with the laws of the Dominican Republic, especially under the protection of Law No. 520 of 1920, with its legal address at Josefa Frea Street, No. 65, of this city of Santo Domingo, duly represented by its Director Jorge Cela, Dominican, adult, single, bearer of identity and voting registration number 001-0340040-4, domiciled and resident in this city; Participación Ciudadana, Inc., a non-profit institution, duly organized and existing in conformity with the laws of the Dominican Republic, especially under the protection of Law No. 520 of 1920, with its legal address at Desiderio Arias Street, No. 25, suburb la Julia of this city, duly represented by its General Coordinator, Miriam Díaz Santana, Dominican, adult, married, sociologist, bearer of identity and registration number 001-0020843-8, domiciled and resident in this city; Centro Dominicano de Asesoría de Investigaciones Legales (CEDAIL), a non-profit institution, duly organized and existing in conformity with the laws of the Dominican Republic, especially under the protection of Law No. 520 of 1920, with its legal address at Mella Ave No. 11 D, Santa Bárbara, of this city, duly represented by its Executive Director, Dr. Pedro Ubiera, Dominican, adult, married, attorney, bearer of identity and registration number 001-0134709-4, domiciled and resident in this city, who have as especially constituted and empowered attorneys Carlos Salcedo and Marcos Peña Rodríguez, with open professional study for the purposes of the present instance, on the eighth floor of the Torre Piantini, located at the intersection of Gustavo Mejía Ricart and Abraham Lincoln Avenues, of this city, the place in which the requirers have chosen as domicile, against the capital part of Article 1 of Decree No. 139-03, of February 9, 2003, by the Executive Power;

Given the petition directed to the Supreme Court of Justice on February 14, 2003, by the solicitants and agreed to by their attorneys, which concludes thus: "First: To declare the unconstitutionality of Article 1 of Decree No. 139-03, dated February 9, 2003, decreed by the Executive Power, which approves a surcharge of 10% against several economic agents of the nation, for ignoring constitutional precepts and, as a consequence; Second: to pronounce *ergo omnes* the nullity of the above-cited article of Decree No. 139-03, through the application of that which is disposed by Article 46 of the Constitution";

The Supreme Court of Justice, after having deliberated and seen Articles 67, Section 1, 4. 37, Section 1 and 46 of the Constitution of the Republic and 13 of Law No. 156-97, as well as the other texts cited by the solicitants;

Whereas, Article 67, Section 1, of the Constitution of the Republic disposes that it is the exclusive responsibility of the Supreme Court of Justice, without prejudice to other responsibilities conferred on it by law, to make known without benefit of appeal the constitutionality of laws at the request of the Executive Power, one of the Presidents of the Chambers of the National Congress, or an interested party;

Whereas, in specie the action planned refers to the petition for the declaration of unconstitutionality by direct or principal means of the capital part of Article 1 of Decree No. 139-03, of February 9, 2003, decreed by the Executive Power, which establishes for the period of three months a surcharge of 10% (ten per cent) on the importation of goods and motorized vehicles of any type, except for foodstuffs, medicines, raw materials, machinery, and equipment, as of the promulgation of such decree;

Whereas, the solicitants allege, in support of their petition, in summation, the following: a) that as a palliative and provisional measure to deal with the problems our economy is suffering, on February 9, 2003, Decree No. 139-03 was issued by the Executive Power, establishing for the period of three months a surcharge of 10% (ten per cent) on the importation of goods and motorized vehicles of any type, except for foodstuffs, medicines, raw materials, machinery, and equipment; b) that, nonetheless, without a consideration of the timeliness or origin of such a measure, from the economic point of view, such a decree is unconstitutional from the point of view of the substantive norm which rules in the Dominican Republic by establishing by decree a selective surcharge of ten per cent (10%) on imports considered non-essential; c) that the solicitant entities, possessed of juridical capacity, have the right to demand, through direct action, under the protection of Article 67, Section 1 of the Constitution, the unconstitutionality of a law, decree, resolution or ruling, when any one of them shall affect their fundamental rights or transgress one or more fundamental norms, as occurs in this classification, since Decree No. 139-03, the object of the present action, affects them and has caused injury not only to the solicitants, but constitutes a threat currently and in the future for them as well as for lawabiding persons taking advantage of the principles of constitutional legality and supremacy; d) that in consideration of the principles which govern Dominican constitutional law, and as the Supreme Court of Justice has stated, this tribunal is competent to understand the remedy of inconstitutionality; e) that the action by them intended is admissible given that in its case the criteria fixed for admission are complied with concerning the notion of an interested party to determine the quality of the denunciator, the gravity and seriousness of the denunciation, and the scope of the declaration of unconstitutionality; f) that the dispositions of Decree No. 139-03, decreed by the Executive Power, are contrary to the Constitution, since such norms violate Articles 4 and 37.1 thereof, since its Article 1 exceeds the limits and scope of competence of the Executive Power, to the detriment of the exclusive and excluding power that those substantive dispositions grant to the National Congress to establish taxes by virtue of the principle of the laws of taxation and of the separation of powers; g) that when the cited Article 37.1 establishes that "it shall be the duty of the Congress: 1)to establish taxes or general contributions and determine the manner of their collection and investment," that signifies that the President of the Republic does not have the right to establish taxes nor to modify those in existence, since such a responsibility is exclusively that of the Congress, so that the decree cited is null because of the application of Article 46 of the Constitution;

Whereas, Article 1 of Decree No. 139-03, of February 9, 2003, in its capital part expresses the following: "As of the promulgation of the present Decree there is established for the period of three months a surcharge of 10% (ten per cent) on the importation of goods and motorized vehicles of any type, exclusive of foodstuffs, medicines, raw materials, machinery, and equipment;"

Whereas, effectively Article 4 of the Constitution confirms the division of powers and makes those in charge responsible, making clear that they may not delegate their responsibilities, which are only those as determined by the Constitution and by laws; that among those responsibilities of the Congress are, according to Article 37, No. 2, as Legislative Power, to establish taxes or general contributions and determine the manner of their collection and investment; that among the

responsibilities reserved as the province of the President of the Republic, according to Article 55 of the Constitution, there is not that of establishing taxes or general contributions; that Decree No. 139-03 of February 9, 2003, fixes in the capital part of Article 1 a surcharge of 10% (ten per cent) as of the date of its promulgation and for a period of three months, on the importation of goods and motorized vehicles of any type, exclusive of foodstuffs, medicines, raw materials, machinery, and equipment; that the surcharge, according to fiscal law, is nothing more than an increase in the taxes which the taxpayer must pay to the state treasury as a general measure or sanction; that since the decree concerned establishes a surcharge as a general measure on importation to which the executive disposition refers, the transgression by the indicated decree of the dispositions of Number 1 of Article 37 of the Constitution is evident, considering that it creates a tax which only the National Congress is allowed to establish; that since the Executive Power lacks the capacity to impose a surcharge of ten per cent (10%) in importations as indicated in the decree argued to be unconstitutional, as has been seen, such decree is null by virtue of contravening Article 46 of the Substantive Law, according to which, "any law, decree, resolution or act contrary to this Constitution is null by full right."

Therefore: First: It accepts the petition raised by the Fundación Institucionalidad y Justicia, Inc., and other parties, and as a consequence declares Article 1 in its capital part of Decree No. 139-03, of February 9, 2003, of the Executive Power not to be in conformity with the Constitution; Second: It orders that the present judgment be communicated to the General Magistrate Procurator of the Republic for the purposes of this place, to the solicitants, and published in the Judicial Bulletin.

Jorge A. Subero Isa

Rafael Luciano Pichardo, Eglys Margarita Esmurdoc,

Hugo Alvarez Valencia, Juan Luperón Vásquez,

Margarita A. Tavares, Julio Ibarra Ríos,

Enilda Reyes Pérez, Dulce María Rodríguez de Goris,

Julio Aníbal Suárez, Víctor José Castellanos Estrella,

Ana Rosa Bergés Dreyfous, Edgar Hernández Mejía,

Darío O. Fernández Espinal, Pedro Romero Confesor,

José E. Hernández Machado

Grimelda Acosta
Secretary General

The present judgment has been given and signed by the Judges whose names appear at its beginning, in public hearing on the day, month and year indicated, and was signed, read, and published by me, the Secretary General. So sworn.

I certify this to be a true and accurate translation of the original document presented to me.

Nancy T. Hancock, Notary Public
My commission expires 1/30/10.

Director, Language Company Translations, LC
Norman, Cleveland County, OK

OFFICIAL SEAL
Nancy T. Hancock
Commission # 06001189
Expires January 30, 2010