IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAYMAN POWER BARGE I, LTD.,<br><br>Applicant,<br><br>v.<br><br>THE STATE OF THE DOMINICAN REPUBLIC, and CORPORACIÓN DOMINICANA DE EMPRESAS ELÉCTRICAS ESTATALES (formerly known as CORPORACIÓN DOMINICANA DE ELECTRICIDAD),<br><br>Respondents. | Civil Action No. 1:06CV01362 (RMC) |

### JOINT STIPULATION REGARDING RESPONDENTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS OR, ALTERNATIVELY, FOR OTHER RELIEF

WHEREAS, an Application by Cayman Power Barge I, Ltd. ("CPB") to confirm a foreign arbitral award (the "Award") is pending before this Court, as is a Motion filed by Respondents, among other things, requesting the dismissal of such Application;

WHEREAS, Respondents argued in their Motion that the arbitration clause in the parties' Agreement, on which the Award was based, is invalid as a matter of Dominican law, among other things, in light of Article 1004 of the Dominican Civil Code, which provides in pertinent part that "[a]rbitration cannot be established ... on causes which are concerned with public order, the State, national property, municipalities, public establishments";

WHEREAS, CPB argued in response that Article 1004 of the Dominican Civil Code is inapplicable to international contracts such as the Agreement at issue, and presented testimony to that effect from a Dominican lawyer, Sarah V. Sicard;

WHEREAS, Ms. Sicard noted in her declaration that her conclusion that Article 1004 is inapplicable to international contracts is based in part on certain French court decisions interpreting a parallel provision of the French Civil Code;

WHEREAS, the Arbitral Tribunal in the underlying arbitration likewise made reference to a French court decision interpreting the then-effective Article 1004 of the French Civil Code in reaching its conclusion that Article 1004 is inapplicable to international contracts (*see* para. 33 of the Arbitral Tribunal's Preliminary Award, Exhs. F & G to the Declaration of George K. Foster);

WHEREAS, Respondents interpreted Ms. Sicard's remarks as suggesting that there was no parallel provision to Article 1004 in French law, and Respondents asserted that it was improper for her, and for the Arbitral Tribunal, to rely on French jurisprudence in interpreting that provision, stating in particular at pages 16-17 of the Reply as follows: "It is also especially revealing that [Ms. Sicard] observes that there is no parallel provision to Article 1004 under French law. . . . To be sure, Sicard's subsequent reliance on French law is misguided (as was the Arbitration Panel's) because article 1004 is a wholly unique and distinct feature of Dominican Republic law" (footnote omitted);

WHEREAS, the parties have conferred, and CPB has brought to Respondents' attention the language of the Sicard Declaration and the Arbitral Tribunal's Preliminary Award discussing Article 1004;

NOW, THEREFORE, IT IS STIPULATED AND AGREED, by and between counsel for Applicant and Respondents, as follows:

The above-quoted sentences from pages 16-17 of Respondents' Reply (not including the sentence covered by the ellipses) shall be stricken from that submission, and should not be relied upon by the Court. An amended version of the Reply, in which the language in question is

2

absent, is appended hereto as Attachment 1 (without exhibits) and shall be substituted for the original Reply submission.

    IT IS SO STIPULATED.

*/s/ George Foster/MTG*
Frank J. Eisenhart (D.C. Bar No. 418630)
Christian A. Natiello (D.C. Bar No. 472960)
Dechert LLP
1775 I Street, N.W.
Washington, D.C. 20006-2401

Robert A. Cohen, admitted *pro hac vice*
George K. Foster, admitted *pro hac vice*
    (D.C. Bar No. 497152)
Dechert LLP
30 Rockefeller Plaza
New York, New York 10112

*Attorneys for Applicant Cayman Power Barge I, Ltd.*

*/s/ M.T. Griff*
Marvin T. Griff (D.C. Bar No. 423839)
Michael Fielding, admitted *pro hac vice*
Blackwell Sanders Peper Martin, LLP
750 17th St. N.W., Suite 1000
Washington, D.C. 20006-3901

*Attorneys for Respondents The State of the Dominican Republic and Corporación Dominicana de Empresas Eléctricas Estatales*

**Certificate of Service**

    I herby certify that on this 19th day of April, 2007, a true and correct copy of the above and foregoing was served by electronically filing it with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

/s/ *M.T. Griff*
Washington, DC 20006-2401

*Attorney for Defendants The State of the Dominican Republic and Corporación Dominicana de Empresas Eléctricas Estatales*

3